William Keefe, Plaintiff in Error, *v.* The People, Defendant in Error.

A conviction for a lesser degree of a crime than that charged in the indictment, is good where the act itself proved is the same as the one charged, and the means of committing it not materially different, although the indictment does not allege the particular intent and circumstances characterizing such lesser degree.

Accordingly, where the prisoner, tried upon an indictment containing a single count, and that drawn as required by the common law, for the murder of A. by stabbing with a knife, was convicted of the murder in the second degree, "above charged in the form aforesaid, as by the indictment aforesaid is alleged," upon error (bringing up the indictment, conviction and judgment only)—*Held*, unanimously, that the conviction was proper.

(Argued March 24th, 1869. Decided June 11th, 1869.)

Error to the Supreme Court (1st judicial district), to review an affirmance there, of a conviction of the plantiff in error, in the Court of General Sessions of the city and county of New York, for the crime of murder in the second degree.

No bill of exceptions appeared to have been made in the case. The return contained the indictment, conviction, judgment and affirmance only.

The indictment was found in June, 1865.

The record sent up from the sessions, was as follows:

STATE OF NEW YORK,         } *ss:*
City and County of New York,   }

Be it remembered, that at a Court of General Sessions of the Peace, holden at the City Hall, of the city of New York, in and for the city and county of New York, on the first Monday of June, in the year of our Lord one thousand eight hundred and sixty-five, before John T. Hoffman, Esquire, Recorder of the said city of New York, justice of the said court, assigned to keep the peace of the said city and county of New York, and to inquire, by the oaths of good and lawful men of the said county, of all crimes and misdemeanors committed or triable in the said county, to hear, determine,

and punish according to law, all crimes and misdemeanors in
the said city and county, done and committed.

By the oath of John McKesson, *Foreman*,

| | |
|---|---|
| Elias Dexter, | Edward W. Hutchings, |
| Edmund Hurry, | Michael Allison, |
| William H. Haight, | John B. Dash, |
| Washington L. Cooper, | William B. Vondersmith, |
| James L. Dennat, | Christian S. Delavan, |
| Richard D. Wood, | Charles N. Fearing, |
| George King Sislare, | Lucius B. Nutting, |
| Joel D. Hunter, | John Jacob Astor, Jr. |
| Elijah T. Brown, | William T. Brown, |
| William B. Northrup, | John B. Thompson, |

It was then and there presented as follows, that is to say :

*City and County of New York, ss.*

The jurors of the People of the State of New York, in and
for the body of the city and county of New York, upon
their oath, present :

That William Keefe, late of the Seventeenth Ward of the
city of New York, in the county of New York, aforesaid, on
the fifth day of June, in the year of our Lord one thousand
eight hundred and sixty-five, at the ward, city, and county
aforesaid, with force and arms in and upon one John Abra-
hams, in the peace of the people of the State, then and
there being willfully, feloniously, and of his malice afore-
thought, did make an assault.

And that he, the said William Keefe, with a certain knife,
which he the said William Keefe in his right hand then and
there had and held, the said John Abrahams in and upon the
abdomen of him the said John Abrahams, then and there
willfully, feloniously, and of his malice aforethought, did
strike, stab, and cut, giving unto the said John Abrahams
then and there with the knife aforesaid, in and upon the
abdomen of him, the said John Abrahams, one mortal
wound, of the breadth of one inch, and of the depth of two
inches, of which said mortal wound the said John Abrahams

at the ward, city, and county aforesaid, from the said fifth day of June in the year aforesaid, until the sixth day of June in the same year aforesaid, did languish, and languishing did live, and on which sixth day of June, in the year aforesaid, the said John Abrahams at the ward, city, and county aforesaid, of the said mortal wound did die.

And so the jurors aforesaid, upon their oaths aforesaid, do say that he the said William Keefe, the said John Abrahams in the manner and form, and by the means aforesaid, at the ward, city, and county aforesaid, on the day and year aforesaid, willfully, feloniously, and of his malice aforethought, did kill and murder against the form of the statute in such case made and provided, and against the peace of the people of the State of New York, and their dignity.

And the said William Keefe, afterwards, to wit: On the twenty-second day of June, in the year of our Lord one thousand eight hundred and sixty-five, at the place last mentioned, before the said justice above named, came in his own proper person, and being brought to the bar here in his own proper person, and arraigned upon the said indictment, and having heard the said indictment read, and being asked whether he demanded a trial upon the said indictment, answered that he does require a trial thereon, and says that he is not guilty thereof; and thereupon for good and ill is put upon the country.

And A. Oakey Hall, Esquire, district attorney, for the city and county of New York, who prosecutes for the people of the State of New York, in their behalf does the like.

And afterwards, to wit: At a court of General Sessions of the Peace, held in and for the said city and county of New York, at the City Hall of the said city, on the sixteenth day of November, in the year of our Lord one thousand eight hundred and sixty-five, before Abraham D. Russell, city judge of the city of New York and justice of the said court, comes the said William Keefe, and the said A. Oakey Hall, Esquire, district attorney, likewise comes. Therefore, let a

jury thereupon immediately come before the justice last above mentioned, of free and lawful men of the said city and county, each of whom hath, &c., by whom the truth of the matter may be better known, and who are not of kin to the said William Keefe, to recognize upon their oath, whether the said William Keefe be guilty of the murder and felony in the indictment aforesaid above specified, or not guilty.

And the jurors of the said jury, by John Kelly, Esquire, sheriff of the city and county of New York, for this purpose empanneled, and returned, to wit:

| | |
|---|---|
| Francis Cutler, | Patrick Kearney, |
| John F. Baxter, | Edward Green, |
| William Lovell, | Charles S. Mead, |
| Max Frankenheim, | William P. Lodge, |
| Henry Nught, | Robert Russell, |
| Albro Howell, | James T. Bolles. |

Who being called, come; and who being then and there elected, tried, and sworn well and truly to try and true deliverance make between the people of the State of New York and the said William Keefe, then at the bar, whom they should have in charge upon the said indictment, and a true verdict give according to evidence, who, upon their oath aforesaid, say that the said William Keefe is not guilty of murder in the first degree, but guilty of murder in the second degree above charged in the form aforesaid, as by the indictment aforesaid, is above alleged against him.

And upon this it is demanded of the said William Keefe whether he hath or knoweth anything to say wherefore the said justice here, ought not, upon the premises and verdict aforesaid, to proceed to judgment against him, who nothing further saith, unless as before he has said. Whereupon, all and singular the premises, being seen, and by the same justice here fully understood, it is considered by the said justice, that the said William Keefe, for the murder and felony afore-

said, be imprisoned in the State prison at hard labor for the term of his natural life.

    A. OAKEY HALL, *District Attorney.*

Judgment signed, this fourth day ⎱
  of December, 1868.    ⎰

     A. D. RUSSELL, *City Judge.*

On error to the Supreme Court at General Term, the conviction was affirmed.

*William F. Kintzing,* for the plaintiff in error, cited as to what constitutes murder in the second degree, *People* v. *Fitzgerald,* (37 N. Y. R., 413.) He insisted that to sustain a conviction of murder in the second degree, the indictment must charge in appropriate terms, that the killing was perpetrated in the commission of some felony other than arson in the first degree. Upon this point he cited *Dedieu* v. *The People* (22 N. Y. Rep., 187); *People* v. *Taylor* (3 Den., 91); *People* v. *Allen* (5 Den., 76); *The People* v. *Butler* (3 Park. Cr. R., 384); 2 Hales Pl. of Crown, 168, 192–3; *People* v. *Lohman* (2 Barb., 216); *People* v. *Rector* (19 Wend. R., 605); *Fellinger* v. *People* (15 Abbott Pr. R., 128).

He also insisted that if the judgment was reversed, the prisoner should be discharged, having once been in jeopardy and acquitted of the offence charged in the indictment. He cited Const. of U. S., amend. art. 5; Const. of N. Y., art. 1, § 6; 2 R. S., 741, § 26; *Shepherd* v. *The People* (25 N. Y., 406); *Fitzgerald* v. *People, supra;* Wharton Cr. Law, 573–591, 5th ed.; *Comm.* v. *Cook* (6 Serg. & Rawle, 577); *Comm.* v. *Clue* (3 Rawle R., 498); *People* v. *Goodwin* (18 John. R., 187).

*Samuel B. Garvin,* district attorney for the people, defendant in error. He cited, besides some of the cases cited by the counsel for the prisoner, *Mason* v. *People* (26 N. Y., 202); *People* v. *Tredway* (3 Barb., 470).

GROVER, J. The question arising upon the record in this case, is whether a verdict convicting the accused of murder

in the second degree, upon an indictment containing a single count for murder, drawn as required by the common law, is legal, and whether such verdict authorizes a judgment convicting the accused, and inflicting the punishment imposed by statute for that offence. In *Fitzgerald* v. *The People* (37 N. Y., 413), it was held by this court, that such an indictment was sufficient to warrant a judgment convicting the accused of the crime of murder in the first degree, under the statute of 1862 (Laws of 1862, p. 369). In the same case it was further held, that murder in the second degree, under that statute, consisted in the killing of a human being without a design to effect death by a person engaged in the commission of a felony other than that of arson in the first degree. It is insisted by the counsel for the plaintiff in error, that the accused cannot be convicted of murder in the second degree, unless the indictment charges that the death was effected while the accused was engaged in the commission of a felony as specified in the statute, and that the absence of such an averment in the present indictment, is fatal to the judgment. The counsel relies upon the case of *Dedieu* v. *The People* (22 N. Y., 178), as sustaining this position. In that case it was held, that the accused upon an indictment for arson in the first degree, charging him with having in the night time, feloniously, &c., set fire to the dwelling house of another, there being at the time some human being therein, was improperly convicted of arson in the third degree, upon proof of his having feloniously set fire to goods contained in such house, with intent to defraud an insurance company, which had issued a policy upon such goods, the building not having been at all ignited. In this case the question arose upon exceptions taken by the defendant to the evidence, and also to the charge. The case was decided correctly. The act constituting the crime of which the defendant was convicted, was not the same act for which he was indicted, nor was the intent charged the same. He was indicted for having set fire to a dwelling house, with intent to burn the same. He had not set fire to the house at.

all. The proof was that he had set fire to certain goods con-
tained in the house, with intent to destroy such goods, to
defraud the insurance company. The act and the intent so
far from being identical, were plainly separate and distinct,
and upon this ground the case was decided. Had there been
no bill of exceptions in the case, and the record had merely
shown that the jury had rendered a verdict against the
defendant, convicting him of arson in the third degree, upon
which judgment had been rendered, the case would have
been more analogous to the present. It would not then
have appeared that the defendant had been convicted upon
proof of an act different from that for which he had been
indicted. It was sought by the counsel for the people to
sustain the conviction in *Dedieu* v. *The People*, upon
the statute § 27, 702, 2 R. S. That section provides that
upon an indictment for any offence, consisting of different
degrees, as prescribed in this chapter, the jury may find
the accused not guilty of the offence in the degree charged
in the indictment, and may find such accused guilty of any
degree of such offence inferior to that charged in the indict-
ment, or of an attempt to commit such offence. The court
held that the statute did not apply to the facts of that case
for the reasons above stated. In addition to such reasons,
others were assigned; in some of which, to their full extent,
I cannot concur, as I think their application would render
the statute practically nugatory. As an illustration, it is
said, in substance, that the statute applies to cases only where
the indictment for the higher offence includes all the aver-
ments necessary to constitute the lesser, with the addition
thereto of certain facts essential to the higher, and the latter
are unproved, that the defendant may, by virtue of the
statute, be rightly convicted of the lesser offence. If this is
the only effect of the statute it is merely declaratory of the
common law, as is shown in the opinion in the case itself, in
regard to a conviction for murder upon an indictment for
petit treason. The language of the statute clearly admits
of a more extended application, and I apprehend that such

was the intention in its enactment. Various criminal acts were made by the chapter in question offences of the same general name, but differing in degree, and in the punishment to be inflicted, according to the circumstances under, and the intent with which they were committed; such as forgery, arson, burglary, &c. I think the true construction of the statute is, that when the act for which the accused is indicted is the same act for which he is convicted, the conviction of a lower degree is proper, although the indictment contains averments constituting the offence of the highest degree of the species of crime, and omits to state the particular intent and circumstances characterizing a lower degree of the same crime. If this be the true construction, it follows that, under an indictment for murder in the first degree, the accused may be convicted of any degree of murder, or manslaughter, for the unlawful killing of the identical person charged by the identical means charged in the indictment. This would not include a case where the person killed was not the same as charged in the indictment, nor where the means of effecting the death were materially variant from those the indictment charges. Under this construction, when the indictment charges the murder in the first degree, the accused could not be convicted of manslaughter in the third degree by proving that the death had been effected by a mischievous animal, of which the defendant was owner, and which he had willfully suffered to go at large, &c., for the reason that the criminal act charged would be different from that offered in evidence. But this point could only be presented for review upon exceptions taken to the evidence, or to the charge to the jury. Hence, upon an indictment for murder in the first degree, a judgment convicting the defendant of manslaughter in the third degree must be sustained in the absence of any exception showing that evidence had been erroneously admitted, or some error committed in the charge. In the absence of any such exception the record would fail to show that the accused had been convicted of any other act than that charged, or that there was any mate-

rial variance in the means employed from those charged in the indictment, but would show that the intent of the accused in effecting the death and the attendant circumstances were different from those charged, which difference constituted the offence of manslaughter in the third degree, instead of murder in the first. In the present case, the record shows that the person killed, and the means of effecting the death, of which the defendant was convicted, were identical with the charge contained in the indictment, but that the killing was without a design to effect death, and therefore not murder in the first degree, but was done while the defendant was engaged in the commission of a felony, other than arson in the first degree, and therefore under the statute of 1862, murder in the second degree. It is a general rule in criminal pleading, that when the act done is criminal only when done under a particular state of facts or circumstances, the existence of such facts and circumstances must be averred in the indictment, but the section of the statute under consideration has in effect provided that when the indictment is for a crime consisting of different degrees and depending upon the intention of the accused and the circumstances under which the act was committed, and the indictment charges such act to have been committed with the intent, and under the circumstances constituting the highest degree of the crime the defendant may be convicted of any lower degree, and consequently when there is a failure of proof of any part essential to a conviction of the higher degree, proof may be given of facts constituting a lower degree of the same crime, although the latter facts are not charged in the indictment, and the defendant may, upon such proof, be rightly convicted of the lower degree. In the present case, the presumption from the record is, that the prosecution proved the killing of John Abrams by the accused, by the means charged in the indictment, but failed to prove that the act was done with a premeditated design to effect his death, but proved that it was done while the accused was engaged in the perpetration of a felony. He was, therefore, rightly convicted, if evidence

of the latter fact was admissible under the indictment. We have seen that the statute authorizing a conviction of a lower degree of the same crime, upon an indictment for a higher degree, makes the evidence authorizing such conviction, competent. Otherwise the statute would be inoperative. I the more readily adopt this construction, as I cannot see that the accused can be prejudiced thereby. He is informed by the indictment, of the particular crime charged, and of the means used in its perpetration, and that it was committed with the intent, and under the circumstances constituting the highest degree of that crime. He, therefore, comes to this trial not only prepared to show, if he can, that he is not guilty of the particular degree charged, but of no lower degree of the same crime. If acquitted upon the indictment, or convicted in any lower degree than that charged, he will find no obstacle in pleading his acquittal or conviction in bar to any subsequent indictment for the same crime. It exposes him to no danger of a conviction of the crime in any degree not warranted by the evidence. This he may readily guard against, by calling attention to it in the charge to the jury, and in case any error is committed, by the judge, in this respect, can correct such error, upon review, by taking the proper exceptions. My conclusion is, that the judgment should be affirmed.

All the judges concurring, judgment affirmed.