## COMBS VS. DUNLAP.

Where the plaintiff in a justice's court fails to appear within one hour from the time to which the cause has been adjourned, judgment of nonsuit must be rendered against him.

Although a judgment against the defendant for costs in such a case is *void*, it will nevertheless be reversed on *certiorari*; it being one of the principal objects of that writ to keep inferior courts and tribunals within their jurisdiction.

CERTIORARI to a Justice of the Peace for *Dane* County.

The action before the justice was by *Combs* against *Dunlap*, on a promissory note made by the latter for $24.32, and was commenced February 20th, 1864. The return day named in the summons was March 1st, 1864, and the justice's docket of that date states that the parties appeared, and *Dunlap* answered, denying generally, and gave notice, in substance, that he would prove on the trial that he had paid the sheriff on an execution in his hands against *Combs*, March 1st, 1864, $26.79, " and taken his receipt therefor to apply on defendant's indebtedness to said *Combs* on the note in this action." The cause was adjourned to March 8, 1864, and the justice's return shows that when it was called upon that day the plaintiff did not appear; that a witness for the defendant was sworn, and the execution and sheriff's receipt above referred to were put in evidence; and judgment rendered against the defendant for costs. The justice states in his return that " the only appearance of the plaintiff on the return day was by the note left on file" with him. The affidavit of *Combs* for the writ of *certiorari* shows that he resided at a distance from the office of said justice, and that he did not appear on the return day because *Dunlap*, before that day and after the service of the summons, promised to pay the amount of his claim and costs. It also shows that the plaintiff did not know of the judgment rendered in the cause until after the time for an appeal had elapsed.

*Spooner & Lamb*, for plaintiff in error, cited R. S., ch. 120,

sec. 157, subds. 2 and 3 ; *Sprague v. Shed,* 9 Johns., 140 ; *Green v. Angell,* 13 id., 469.

*E. & C. T. Wakeley,* for defendant in error, contended that as the judgment below was void on its face, *certiorari* would not lie; also that the judgment given was equivalent to a nonsuit. 5 Hill, 269 ; 4 Term, 608 ; 2 Dev. Law, 111 ; 3 Iredell, 420 ; 11 Mass., 445.

*Spooner & Lamb,* in reply, argued : 1. That inasmuch as the court had acquired jurisdiction of the parties as well as of the subject matter, it was not quite clear that the judgment was *void,* citing *Relyea v. Ramsay,* 2 Wend., 603. 2. That the writ lies to restrain a magistrate who, having jurisdiction of a cause, makes an order or judgment therein in excess of his power. *Stokes v. Knarr,* 11 Wis., 392; *Tallmadge v. Potter,* 12 id., 319. 3. That the use of the writ in setting aside void judgments is not confined to cases in which an execution upon the judgment would be a protection to the officer. Thus judgments for an amount exceeding the jurisdiction of the court—executions on which would be void on their face (12 Ind., 358)—are reversed as freely as any other. *Beard v. Kinney,* 6 Blackf., 425 ; *Trew v. Gaskill,* 10 Ind., 265 ; *May v. Crawford,* 14 id., 5. 4. That it is not necessary to show that the void judgment could be used in any way to the injury of the party. *People v. Judges of Suffolk,* 24 Wend., 252 ; 22 id., 135 ; *State v. Thompson,* 2 N. H., 236 ; 2 Burr., 1042; 1 W. Blacks., 233, 235 ; 5 Mass., 420; 13 Pick., 195 ; Hempstead's C. C. R., 174.

*By the Court,* DIXON, C. J. The justice plainly exceeded his jurisdiction. The plaintiff having failed to appear within one hour after the time to which the cause was adjourned, the justice was bound, under the statute, to render judgment of nonsuit against him. R. S., ch. 120, sec. 147. Instead of doing that, the justice proceeded to a hearing, and attempted to determine the effect of the sheriff's receipt, and gave judgment against the defendant for the costs which had accrued before

payment of the money to the sheriff. This was not error merely, but a usurpation of power not conferred by statute; and although the judgment may be void on its face, still as it is one of the principal objects of the common law *certiorari* to keep inferior courts and tribunals within their jurisdiction, it will nevertheless be reviewed and reversed upon this writ. See authorities cited by counsel for the plaintiff in error.

Judgment reversed.