Kilkelly vs. The State.

## KILKELLY vs. THE STATE.

CRIMINAL LAW. *(1) Indictment for assault with intent to murder. (2) What lower crimes included. (3). Verdict where lower included crime found.*

1. Under sec. 20, ch. 137 of 1871 (Tay. Stats., 1933, § 35), while an indictment for murder must still charge that the accused "did willfully, feloniously and of his malice aforethought, kill and murder" the deceased (Tay. Stat., 1931, § 27), yet an indictment which simply alleges an assault by one armed with a dangerous weapon, "with intent to murder," is sufficient to charge that crime (Tay. Stats., 1931, § 35) — such having been the judicial construction of the statute in Michigan before its adoption here from that state.

2. A charge of an assault with intent to murder will not warrant a conviction of an assault with intent to maim or disfigure — the latter intent not being included in the former.

3. An instruction that if the jury did not find the intent necessary to the higher crime, alone charged, but did find the included intent necessary to a lower grade of crime, they should "find the accused guilty of the latter," without a further instruction that in such case their verdict should expressly declare him not guilty of the higher crime and guilty of the lower, would be held erroneous, if followed by a mere general verdict of "guilty."

ERROR to the Circuit Court for *La Fayette* County.

The plaintiff in error was tried upon an information which charged that, on a day and at a place therein named, he, "being armed with a dangerous weapon, to wit, a knife, did feloniously, with and by means of such deadly weapon then in his hand, make an assault upon one Charles Mappes, and him

the said Charles Mappes did then and there with the said deadly weapon cut, beat and ill treat, with intent to murder the said Charles Mappes, against the peace and dignity of the state of Wisconsin." The trial resulted in a general verdict of guilty.

The circuit judge charged the jury, among other things, as follows: "Should you, in this case, find the defendant did not intend to take life, but did intend to maim or disfigure permanently the person upon whom the assault was made — if that was the object, to inflict serious bodily harm — if that was the intention,— then you should convict him of that."

After conviction, a motion for a new trial, for alleged errors in the rulings of the court and because of newly discovered evidence, was made and denied. A motion in arrest of judgment for alleged defects in the information was also denied, and the plaintiff in error was thereupon sentenced by the court to confinement in the state prison for the term of two years; and to reverse the judgment he sued out his writ of error.

*Henry S. Magoon*, for the plaintiff in error, argued, among other things, 1. That the information was insufficient to sustain a conviction of assault with intent to murder, because it did not charge that the act was done " with malice aforethought" (Whart. Cr. L., § 1285; 3 Chitty Cr. L., 796, 828; 1 id., 243; 1 Bish. Cr. Pro., §§ 556-7; 2 Hale P. C., 187, and note; *Curtis v. People*, 1 Breese, 256; *S. C.*, 1 Scam., 285; *State v. Fee*, 19 Wis., 562); that sec. 20, ch. 137, Laws of 1871 (Tay. Stats., 1933, § 35), is inapplicable to change the rule of pleading here, because the offense is not *created* by statute; and that under the information the accused could at most have been convicted only of assault with intent to commit manslaughter. 1 East P. C., 345; 2 Hale P. C., *ubi supra*. 2. That as the information did not charge or include the intent to maim or disfigure, there could be no conviction under it of an assault with that intent. When charged, the intent

to maim or disfigure must be shown by express proof (*Pennsylvania v. McBirnie*, Add., 30; Whart. Cr. L., § 1280), and stronger circumstances of malice aforethought must be shown than on an indictment for murder.   Whart. Cr. L., § 1280; 3 Chitty Cr. L., 786, note 2; *Respublica v. Langcake*, 1 Yeates, 415.

*Herbert W. Chynoweth*, Assistant Attorney General, for the state, argued, 1. That an assault with intent to maim and disfigure is an offense of the same character with an assault with intent to murder, but of a less degree (Tay. Stats., 1830, §§ 31, 32), and the information would therefore have sustained a conviction of the former offense; as an acquittal, or a conviction of a mere assault and battery, under it, would have been a bar to a prosecution for assault with intent to maim and disfigure (1 Bish. Cr. L., 6th ed., 795, and 1 Whart. Cr. L., 385, 560–65, 1280, with the cases there cited; *McKinney v. The State*, 25 Wis., 378); and that, even if this were otherwise, the charge of the court on that subject could not have injured the accused, as he was convicted of assault with intent to murder.   2. That the latter crime was charged in the information in the words of the statute (Tay. Stats., 1831, § 35), which is sufficient.   Tay. Stats., 1933, § 35; *State v. Welch*, 37 Wis., 196; *Rice v. The People*, 15 Mich., 9.

Lyon, J.   1. In *The State v. Fee*, 19 Wis., 591, it was held that an indictment charging the offense substantially as it is charged in this information was not a good indictment for an assault with intent to murder, but only for a less offense included in that crime.   The rule there established must be applied to this information, unless it has been changed by the criminal procedure act, ch. 137, Laws of 1871.   Section 20 of that act provides, that " when the offense charged has been created by any statute, or the punishment of such offense has been declared by any statute, the indictment or information shall, after verdict, be held sufficient to warrant the punish-

ment prescribed by the statute, if it describe the offense in the words of the statute, or in words of substantially the same meaning." (Tay. Stats., 1933, § 35.) The act does not dispense with the necessity of averring in an indictment or information for murder that the accused "did willfully, feloniously, and of his malice aforethought, kill and murder the deceased." Sec. 12; Tay. Stats., 1931, § 27. Our first impressions were, that because this averment is still essential to a valid information for murder, an information for an assault with intent to murder should contain the same averment, as descriptive of the crime of murder; that is, it should be charged that the accused made the assault with the intent willfully, feloniously, and of his malice aforethought to kill and murder the person assaulted. But for a reason which will now be stated, we have been constrained to abandon that view, and we must hold that the information sufficiently charges an assault with intent to murder.

We borrowed the act of 1871 from the statutes of Michigan, in which will be found both of the above sections in substance. Compiled Laws of Mich. (1857), §§ 6047, 6059. In 1866, the supreme court of that state held that under § 6059 (which corresponds with our sec. 20), an information charging an assault " with intent to kill and murder," contains a sufficient description of that offense. *Rice v. The People*, 15 Mich., 9. The Michigan statute describes the offense as an assault "with intent to commit the crime of murder." Our statute is substantially the same. R. S., ch. 164, sec. 35. The statute having received a construction by the highest judicial tribunal of that state before it was adopted here, we are bound by that construction. *Draper v. Emerson*, 22 Wis., 147; *Perkins v. Simonds*, 28 id., 90; *Wiesner v. Zaun*, 39 id., 188. It must be held, therefore, that the information sufficiently charges that the plaintiff in error assaulted Mappes with intent to murder him.

2. The instruction that the plaintiff in error might be con-

victed, on the information, for an assault with intent to maim or disfigure Mappes, even though he did not intend to take life, we think is erroneous. The rule is, that where offenses are included one within another, a person indicted for a higher one may be convicted for one below, provided the averment in the indictment, in form, charges the lesser offense as well. 1 Bish. Cr. Law, § 794. Thus, one indicted in the usual form for murder may be convicted of manslaughter, because, if the averment that the killing was with malice aforethought be negatived or stricken from the indictment, there remains a sufficient charge of manslaughter. So with the information in this case. If the felonious intent charged be negatived or stricken out, there remains a charge of assault and battery. And if the battery be negatived, there remains a sufficient charge of simple assault. Hence, on this information, the plaintiff in error may lawfully be convicted, either of an assault with the felonious intent charged, or of a simple assault and battery, or of a mere assault. But we are aware of no rule of criminal procedure which sanctions a conviction for a given felonious intent, on an indictment or information which does not charge such intent, but charges another intent of an entirely different character. Who ever heard of a conviction for an assault with intent to rob, on an indictment charging only an intent to murder; or of a conviction for an assault with intent to maim or disfigure, on an indictment for an assault with intent to ravish? And yet the principle of the instruction under consideration would uphold such convictions. A rule which would sustain such convictions would be utterly subversive of the right guarantied by the constitution to a person accused of crime, " to demand the nature and cause of the accusation against him" (Const., art. I, sec. 7), and we reject it without hesitation.

3. But, were it competent to convict the plaintiff in error, on this information, for an assault with intent to maim or disfigure, there would still remain a defect in the instruction,

fatal to the judgment. The jury were not told that if they negatived the intent to murder, but found the intent to maim or disfigure, they should find the plaintiff in error not guilty of the former intent, but guilty of the latter. Had the correct rule of law been laid down in the instruction given, it was still essential to the rights of the accused that the jury should have been further instructed as above indicated; for without such further instruction, or its equivalent, he would have been liable to conviction for an offense of which the jury may have failed to find him guilty. No such instruction was given, and the jury may have understood from that which was given, that, although they should negative the intent to murder, still, if they found the accused guilty of an intent to maim or disfigure Mappes, they were to return a general verdict of guilty. Hence, under the instruction given, it cannot be certainly known that all or any of the jurors found from the evidence that the plaintiff in error was guilty of an assault with intent to murder. And yet, by the form of their verdict, they convicted him of that offense, and he has been sentenced and is now suffering punishment therefor.

It follows from the views above expressed, that the motion in arrest of judgment was properly denied, and that the motion for a new trial should have been granted.

*By the Court.* — The judgment of the circuit court is reversed, and the cause will be remanded for a new trial. The warden of the state prison will surrender the plaintiff in error to the sheriff of La Fayette county, who will hold him in custody until he shall be discharged, or his custody changed, by due course of law.