## THE STATE vs. SHEAR.

*February 11 — March 2, 1881.*

CRIMINAL LAW.   *Information for rape will not sustain conviction of fornication.*

Under our statutes, fornication and rape are not related to each other as a smaller offense included in a greater; and an information charging the latter will not sustain a conviction of the former. So *held*, where the information did not charge that the rape was committed upon a *single* woman.

REPORTED from the Circuit Court for *Sauk* County.

The cause was submitted on the brief of *The Attorney General* for the state, and that of *Morrow & Masters* for the defendant.

ORTON, J. This is an information in the usual form, charging the defendant with having committed the crime of rape upon the person of "Mary Conant, a female of the age of ten years or more." The learned circuit judge charged the jury as follows: "If you do not find the defendant guilty of the crime of rape, and find that he had sexual connection with Mary Conant, the complaining witness, at the time and place named in the information, you may and should find him guilty of fornication." The jury found the defendant not guilty of the crime of rape, but guilty of the offense of fornication. The learned judge reported the case to this court, with the following questions of law, viz.: "*First*, can conviction for the offense of fornication be sustained under the information in this case; or, *second*, was such charge error, so that a new trial should be granted?"

Fornication is not a common-law offense, and therefore both the information and proof under it must conform to the statute which prescribes the penalty. 2 Whart. Cr. L., 2667; *Com. v. Isaacs*, 5 Rand., 634; *Smith v. Minor*, 1 Coxe, 16; *State v. Cox*, 2 Taylor (N. C.) Term R., 165. The statute of this state (section 4580, R. S.) is as follows: "Any man who commits fornication with a single woman, each of them shall be punished," etc. The commonly accepted legal meaning of fornication is "illicit sexual connection between a man and woman, as husband and wife, not being such." Our statute limits the offense to a man and *single* woman, thus creating a clear distinction between fornication and adultery, which latter crime can be committed only by a married man or with a *married* woman. The crime of rape may be committed upon an unmarried or a married woman not the wife of the defend-

ant. The crime of incest can be committed only with a woman of certain consanguinity or relationship with the man. The crimes of incest, adultery and fornication, therefore, differ only as to the persons; while the crime of rape differs from the other crimes against chastity both as to the persons and the manner of the sexual connection, as by force and against the will of the woman. These distinctions in this class of offenses by our statute are clearly defined. In North Carolina, where fornication is not limited by the statute to a single woman, both offenses are placed together in the same section, as fornication or adultery, and both may be charged together in the same indictment, and a conviction had of either. *State v. Cowell*, 4 Ired., 231. But in that case it is held that without this peculiar statute the distinction between the offenses is so great that such latitude would not be allowed. Where they are defined as distinct offenses in the statute, there under an indictment for one a conviction for the other cannot be had. *State v. Pierce*, 4 Blackf., 318. So, also, rape cannot be charged in one count and incest in another, they being such different and distinct offenses. *State v. Thomas*, 53 Iowa, 214. An information charging only the necessary elements of the crime of rape falls short of charging two essential elements of fornication: *first*, that the female was a single woman; and *second*, that the sexual connection was by concert or consent. It is thus clearly obvious that fornication, as the lesser offense, is not included in rape as the greater.

Where a conviction can be had for a lesser offense under an indictment for a greater, such lesser offense must be included in the greater by necessary words of description, so that, if the words defining the greater offense are stricken out of the information, there would remain a sufficient description of the lesser offense. One offense is a part of and included in another only "when one offense slides into and is a part of the proof of another." 1 Whart. Cr. L., 564. Or, as Mr. Justice LYON says in *Kilkelly v. The State*, 43 Wis., 604: "The rule is,

that where offenses are included one within another, a person indicted for a higher one may be convicted for one below, provided the averment in the indictment in form charges the lesser offense as well;" citing 1 Bishop's Cr. L., § 704. Tested by this rule, so distinctly laid down by this court, it would seem clear that the defendant in this case could not be convicted of the offense of fornication, because the information does not charge in any language such distinctive offense. What might be the ruling in a case where the information charged the rape to have been committed upon a single female or a single woman of the age of ten years or more, we are not called upon to say; for this information is wanting in this particular description. It may be that such a description in an information for rape would be mere surplusage.

Another very good reason why the defendant could not be convicted of fornication under such an information, is found in that part of the section defining the offense, which requires that "each of them shall be punished," or both the man and the woman. It would seem that if the man can be convicted of fornication under an information charging him with rape upon the woman, the woman could in the same case and under the same information also, for they are both equally guilty. Such a result would certainly very clearly illustrate the inconsistency of such a rule. But, without further discussion, the rule as above recognized by this court is clearly applicable to this class of offenses, and from their very nature they are not included in each other. 1 Bish. Crim. Pro., 419, 420; *The People v. Harriden*, 1 Park. Cr. Rep., 344; *The State v. Lewis*, 48 Iowa, 578; *Com. v. Murphy*, 2 Allen, 163. The answer, therefore, to the first question reported is in the negative.

The second question, "Was such charge error, so that a new trial should be granted?" is a compound one, and may be answered, (1) that such charge was error, and (2) a new trial should not be granted. The first answer to the second ques-

tion is included in the answer to the first question, and the last answer must be in the negative because the defendant was acquitted of the only crime charged in the information, and he cannot therefore be again tried therefor. 1 Whart. Cr. Law, 556; *The State v. Martin*, 30 Wis., 216; *The State v. Hill*, 30 Wis., 416.

It follows, therefore, that the defendant should be discharged.