The State vs. Yanta and others.

THE STATE vs. YANTA and others.

*April 23 — May 12, 1888.*

*Criminal law: Pleading: Assault with intent to kill: Conviction of lesser offense.*

An information charging that defendants " did then and there wilfully, maliciously, and feloniously assault, cut, stab, and wound one W., with intent wilfully, maliciously, and feloniously, and with malice aforethought, him, the said W., to kill and murder," will not sustain a conviction of an assault with intent to do great bodily harm, because the averments do not in form include the lesser offense.

REPORTED from the Circuit Court for *Portage* County.

This case comes here on the certificate of the judge of the Seventh judicial circuit submitting to this court for determination certain questions of law pursuant to sec. 4721, R. S.  The information charges that one John Pulchinski, at a time and place therein named, being armed with a dangerous weapon, to wit, a jack-knife, " did then and there, wilfully, maliciously, and feloniously assault, cut, stab, and wound one Mike Walski, with intent wilfully, maliciously, and feloniously, and with malice aforethought, him, the said Mike Walski, to kill and murder."  The information then attempts to charge the defendants *Nick* and *Charles Yanta* and *John Schulist* with being then and there present, and feloniously aiding, abetting, counseling, procuring, and commanding the said Pulchinski to so kill and murder the said Walski.

The jury found the three defendants *Nick* and *Charles Yanta* and *John Schulist* guilty, as principals in the first degree, of an assault upon the said Walski with intent to do him great bodily harm.  A motion in arrest of judgment was interposed, whereupon the court certified the case for answers to the following questions:  "*First.* Does the information herein charge the defendants *John Schulist*,

*Charles Yanta*, and *Nick Yanta* with any criminal offense? *Second.* If it does, can the defendants, under the information herein, be convicted as principals in the first degree? *Third.* Under the information herein could the defendants lawfully be convicted of an assault with intent to do great bodily harm?"

The cause was submitted for the plaintiff on the brief of the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and for the defendants on the brief of *Raymond & Haseltine*.

For the plaintiff it was contended, *inter alia*, that the rule is well settled in this state that one may be convicted of a lesser offense when charged with a greater, provided the greater offense includes all of the elements of the lesser, so that an information properly charging the greater offense would necessarily include the allegations sufficient to charge the lesser crime. *State v. Erickson*, 45 Wis. 86; *State v. Shear*, 51 id. 460; *State v. Hooks*, 69 id. 182; Whart. Crim. Pl. & Pr. sec. 246. In *Kilkelly v. State*, 43 Wis. 604, it was decided that one charged with intent to murder could not be convicted of an assault to maim, for the reason that the intent was of an entirely different character. But a reference to secs. 4372, 4373, R. S. (the sections there construed) will show that the offender must necessarily be charged with the intention to do one or more specific injuries therein prohibited. The doing of some physical injury would not constitute an offense under those sections, even if it might be a great bodily injury, for the reason that the injury might not be to any of the members of his person described in the sections prohibiting maiming. On the other hand, it would be impossible to murder a person without committing great bodily harm or great bodily injury upon him, and the ruling that the intent to do great bodily harm is necessarily included in the intent to murder is wholly consistent. *Beckwith v. People*, 26 Ill. 500; *Peo-*

*ple v. Congleton*, 44 Cal. 92. It has frequently been held that an assault to commit manslaughter in hot blood is included in an assault to commit murder. *State v. White*, 45 Iowa, 325; *State v. Reed*, 40 Vt. 603; *Keefe v. People*, 40 N. Y. 348; 1 Whart. Crim. Law, sec. 641.

LYON, J. The third question propounded to us, to wit, "Under the information herein could the defendants lawfully be convicted of an assault with intent to do great bodily harm?" was answered in the negative by this court in the case of *Kilkelly v. State*, 43 Wis. 604. The rule was there stated to be that where offenses are included one within another, a person indicted for a higher one may be convicted for one below, *provided the averment in the indictment, in form, charges the lesser offense as well*, and not otherwise. So it was there held that a charge of an assault with intent to murder will not warrant a conviction of an assault with intent to maim or disfigure,— the latter intent not being included in the former. 1 Bish. Crim. Law, § 794.

*Kilkelly v. State* was followed, and the same rule applied, in *State v. Shear*, 51 Wis. 460. Mr. Justice ORTON there says: "The lesser offense must be included in the greater *by necessary words of description*, so that, if the words defining the greater offense are stricken out of the information, there would remain a sufficient description of the lesser offense."

The third question, being thus answered in the negative, is decisive of the case, and it is unnecessary to answer the other two questions, which relate to the sufficiency of the information. The cause will be certified back to the circuit court, and that court advised to grant the motion in arrest of judgment.

*By the Court.*— Ordered accordingly.

TAYLOR, J., dissents.