THE STATE VS. MUELLER.

*April 17 — May 2, 1893.*

*Criminal law: Pleading: Information for rape: Conviction of lesser offense.*

1. Sec. 4669, R. S., provides that when the offense charged has been created or its punishment declared by any statute, the information shall, after verdict, be held sufficient "if it describes the offense in the words of the statute or in words of substantially the same meaning." *Held*, that an information charging that defendant did, with force and arms, violently and feloniously make an assault upon a female named, and "then and there, *violently* and against her will, feloniously did ravish and carnally know" her, is sufficient under sec. 4381, R. S., as amended by ch. 350, Laws of 1891, providing for the punishment of "any person who shall ravish and carnally know any female . . . *by force* and against her will."

2. Upon an information for rape defendant may be convicted of an assault with intent to commit rape, since the proof necessary to establish the greater crime establishes every element of the lesser.

REPORTED from the Circuit Court for *Sheboygan* County. The information charges, in effect, that June 20, 1892, at the county of Sheboygan, in this state, the defendant, *Michael Mueller*, did, with force and arms, in and upon one Emma Mueller, a female of the age of twelve years or more, to wit, of the age of fifteen years, violently and feloniously make an assault, and her, the said Emma Mueller, then and there, violently and against her will, feloniously did ravish and carnally know, against the peace and dignity of the state of Wisconsin. The defendant, being arraigned in open court, entered a plea of not guilty to said charge. The issue thus formed was thereupon duly tried before the court and a jury, and at the conclusion thereof the jury returned the following verdict: "We find the defendant guilty of an assault with the intent to commit the crime of rape." Whereupon the defendant moved the court in

The State vs. Mueller.

arrest of judgment upon said verdict, for the reasons, first, that the information did not charge an offense as provided by the statute; second, that the defendant was found guilty of an offense not charged in the information.   In case said motion should be denied, the defendant moved to set aside the verdict and for a new trial, for the reason that said verdict is contrary to the law and evidence in the case. Whereupon the trial judge, at the request of the defendant, and as provided by sec. 4721, R. S., reported to this court, for answer, the following questions of law arising therein, to wit:  (1) Can the defendant be punished for an assault with intent to commit the crime of rape, pursuant to the provisions of sec. 4383, R. S.?  (2) If the question shall be answered negatively, then can said defendant be punished for an assault, pursuant to the provisions of sec. 4696, R. S.?  (3) Should a new trial be granted to determine the question whether the defendant is guilty or innocent of an assault, as charged in the information?

For the plaintiff there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by the *Attorney General*.   They argued, among other things, that where the words " by force " or " forcibly " are used, the word  " violently " is in averment an adequate substitute.  *State v. Johnson*, 67 N. C. 55; *Comm. v. Fogerty*, 8 Gray, 489; secs. 4667, 4706, R. S.; *State v. Whitton*, 72 Wis. 18.   The form used here is the form given in 2 Bishop, Crim. Proc. sec. 949, and cases cited.   To the point that the crime of an assault with intent to commit rape is included within the charge of rape, they cited, in addition to the cases cited in the opinion, *State v. Visant*, 49 Iowa, 241; *State v. Shepard*, 7 Conn. 54; *State v. Erickson*, 45 Wis. 86; *Fox v. State*, 50 Ark. 528; *Davis v. State*, 45 id. 464; *State v. Hall*, 50 id. 28; *State v. Hattabough*, 66 Ind. 223; *State v. Foster*, 33 Iowa, 525; *Triplett v. Comm.* 84 Ky. 193; *Comm. v. Roby*, 12 Pick. 502;

*People v. M'Gowan,* 17 Wend. 386; *Case of Sargeant,* 2 City Hall Rec. (N. Y.), 44; *Thomas v. State,* 40 Tex. 36; *State v. Cooper,* 13 N. J. Law, 361; *Reg. v. Gould,* 9 Car. & P. 364; 17 Am. L. Rev. 736.

*Carl Runge,* for the defendant, contended, *inter alia,* that the information in this case charges at most a simple assault. *Kilkelly v. State,* 43 Wis. 604; *State v. Shear,* 51 id. 460; Bishop, Crim. Law, sec. 794. It does not charge the crime of rape as provided by statute, because the word *violently* is used instead of the words *by force. State v. Blake,* 39 Me. 324; *State v. Delue,* 2 Pin. 204. When one offense is a necessary element and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other. *Reg. v. Elrington,* 9 Cox, Crim. Cas. 86; *State v. Smith,* 43 Vt. 324–6; *State v. Chaffin,* 2 Swan (Tenn.), 493. One acquitted or convicted of an offense which necessarily includes a lesser one, cannot afterwards be convicted of the latter offense. *State v. Standifer,* 5 Port. (Ala.), 523; *Fox v. State,* 50 Ark. 528; *State v. Hall,* 50 id. 28; *State v. Hattabough,* 66 Ind. 223; *State v. Foster,* 33 Iowa, 525; *Comm. v. Roby,* 12 Pick. 502; *People v. M'Gowan,* 17 Wend. 386; *Thomas v. State,* 40 Tex. 36; *State v. Cooper,* 13 N. J. Law, 361.

CASSODAY, J. Sec. 4381, R. S., as amended, provides that: "Any person who shall ravish and carnally know any female of the age of twelve years or more, by force and against her will, shall be punished by imprisonment in the state prison," etc. Ch. 350, Laws of 1891. Sec. 4669, R. S., provides that: "When the offense charged has been created by any statute, or the punishment of such offense has been declared by any statute, the indictment or information shall, after verdict, be held sufficient to warrant the punishment prescribed by the statute, if it describe the of-

fense in the words of the statute or in words of substantially the same meaning; and words used in the statute to define a public offense need not be strictly pursued in charging an offense under such statute, but other words conveying the same meaning may be used." Under these statutes we are constrained to hold that the information does charge an offense. This appears to be in harmony with the repeated rulings of this court. *State v. Whitton*, 72 Wis. 18; *Kilkelly v. State*, 43 Wis. 604; *Bonneville v. State*, 53 Wis. 685; *Cross v. State*, 55 Wis. 264; *Steuer v. State*, 59 Wis. 475. In the last case cited it was in effect stated as the true rule of pleading at common law "that it is sufficient to frame the indictment in the words of the statute, in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be held for really is." True, the language of sec. 4381, *supra*, is to the effect that the offense can only be committed "*by force* and against her will," whereas the information charges, in effect, that the defendant did with force and arms *violently* and feloniously make the assault, and her, the said Emma, then and there, *violently* and against her will, *feloniously* did ravish and carnally know. Certainly the information charges that the offense was committed by force and against the will of the female, as emphatically as the statute, and it would seem with more particularity. Such an information has been held good in Massachusetts and North Carolina. *Comm. v. Fogerty*, 8 Gray, 489, 69 Am. Dec. 264; *State v. Johnson*, 67 N. C. 55.

But, as indicated in the foregoing statement, the jury only found the defendant "guilty of an assault with the intent to commit the crime of rape." That is the offense made punishable by sec. 4383, R. S., which declares that: "Any person who shall assault any female with intent to commit the crime of rape shall be punished," etc. The

The State vs. Mueller.

question recurs whether that verdict can be sustained, and such punishment inflicted, under this information, which simply charges the crime of rape. That, in the language of the attorney general, depends upon whether "the proof necessary to establish the greater crime establishes every element of the lesser crime." Obviously, the crime of rape cannot be committed without an "assault . . . with intent to commit the crime of rape." It follows that the assault with the intent to commit the crime of rape, of which the defendant was thus found guilty, was necessarily included within the greater crime charged in the information. This is abundantly supported by the authorities cited by the attorney general. *State v. Bagan*, 41 Minn. 285; *Comm. v. Cooper*, 15 Mass. 187; *Comm. v. Drum*, 19 Pick. 479; *Comm. v. Dean*, 109 Mass. 349; *State v. Cross*, 12 Iowa, 66; *State v. Atherton*, 50 Iowa, 189; *Richardson v. State*, 54 Ala. 158. Had the defendant been acquitted of the offense charged, it would manifestly have been a bar to a new prosecution for the crime of which he was convicted. The case is clearly distinguishable from *State v. Shear*, 51 Wis. 460. Besides, the statute declares, in effect, that whenever any person informed against for felony shall on trial be acquitted by verdict of part of the offenses charged in the information, and convicted of the residue thereof, such verdict may be received and recorded by the court, and thereupon the person charged shall be adjudged guilty of the offense, if any, which shall appear to the court to be substantially charged by the residue of such information, and shall be sentenced and punished accordingly. Sec. 4695, R. S.

*By the Court.*— The first question certified, to wit: "Can the defendant be punished for an assault with intent to commit the crime of rape, pursuant to the provisions of sec. 4383, R. S.?" must, for the reasons given, be answered in the affirmative. This makes it unnecessary to answer either of the other questions certified.