BIRKER, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 23—May 8, 1903.*

*Criminal law: Assault with intent to murder: Lesser offense: Con-viction of assault with intent to do great bodily harm.*

1. Under sec. 4695, Stats. 1898 (providing that whenever any person indicted or informed against for felony shall on trial be acquitted by verdict of part of the offense charged and convicted of the residue thereof, such verdict may be received and recorded by the court, and thereupon the person charged shall be adjudged guilty of the offense, if any, which shall appear to the court to be substantially charged by the residue of such indictment or information, and shall be sentenced and punished accordingly), when the act for which the accused is indicted is the same act for which he is convicted, the conviction of the lower degree is proper, although the indictment contains averments constituting the offense of the highest degree of the species of crime, and omits to state the particular offense and circumstances characterizing a lower degree of the same crime.
2. Under an information charging that plaintiff in error, being armed with a dangerous weapon, did make an assault upon another, with intent to murder, a verdict declared him guilty of an assault with intent to do great bodily harm, and he was thereupon adjudged guilty of the lesser offense. *Held,* that an assault with intent to murder embraces an intent to do great bodily harm, and hence the information sustained the conviction.

ERROR to review a judgment of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

The plaintiff in error was tried at the May, 1902, term of the circuit court for Oneida county. He was duly arraigned on an information filed by the district attorney, charging "that on the 5th day of April, A. D. 1902, at said county, *John Birker,* being then and there armed with a dangerous weapon, to wit, a large pocketknife, did make an assault upon one Robert Hawthorne with said knife, with intent the said Robert Hawthorne to kill and murder." Upon the evidence

received on the trial, the court submitted the case to the jury with instructions and different forms of verdict, one of which was, "Guilty of assault with intent to do great bodily harm." The court substantially instructed the jury upon this phase of the case that they might find the plaintiff in error guilty of assault with intent to do great bodily harm, under the charge set forth in the information, if they should determine from the testimony that defendant did not intend to murder Hawthorne, but that he did intend to do him great bodily harm. The jury returned a verdict finding the plaintiff in error guilty of an assault with intent to do great bodily harm. Motions in arrest of judgment, to set aside the verdict, and for a new trial were properly made in behalf of plaintiff in error, as well as a request to the court to certify the case to this court, pursuant to sec. 4721, Stats. 1898. Plaintiff in error excepted to the instructions and forms of verdict submitted, and the rulings of the court on the motions and requests made in his behalf. Judgment was rendered and entered upon the verdict sentencing plaintiff in error to confinement in the state prison for the term of three years. To reverse that judgment, plaintiff sued out this writ of error.

The cause was submitted for the plaintiff in error on the brief of *Sam. S. Miller.*

For the defendant in error there was a brief by the *Attorney General* and *Walter D. Corrigan,* second assistant attorney general, and oral argument by *Mr. Corrigan.*

SIEBECKER, J.   In *State v. Yanta,* 71 Wis. 669, 38 N. W. 333, this court held that an information charging assault with intent to kill and murder could not sustain a conviction of assault with intent to do great bodily harm. The decision rested mainly upon the opinion in *Kilkelly v. State,* 43 Wis. 604, wherein defendant was convicted of assault with intent to *maim and disfigure,* upon an information charging assault with intent to murder. It was properly held in the

*Kilkelly Case* that such conviction could not be sustained, because the lesser offense is not necessarily included in the greater. The decision was based, however, upon a rule of criminal procedure. The court says:

"Where offenses are included one within another, a person indicted for a higher one may be convicted for one below, provided the averment in the indictment, in form, charges the lesser offense as well. Thus one indicted in the usual form for murder may be convicted of manslaughter, because, if the averment that the killing was with malice aforethought be negatived or stricken from the indictment, there remains a sufficient charge of manslaughter. . . . Hence, on this information, the plaintiff in error may lawfully be convicted either of an assault with the felonious intent charged, or of a simple assault and battery, or of a mere assault."

The reasoning which controls this case goes rather to the form of the indictment or information, than to any distinctions in the nature and kind of offenses committed in the same transaction, as the basis for the procedure to be adopted upon the trial. The requirement to aver in form all of the different grades of offenses that include felonious intents which may be carved out of the same transaction does not appear to have been contemplated by the early legislation on the subject of criminal procedure in this state. Sec. 4695, Stats. 1898, was adopted in 1849, and has ever since been preserved in its original form as a part of the law. It provides:

"Whenever any person indicted or informed against for felony shall on trial be acquitted by verdict of part of the offenses charged in the indictment or information and convicted of the residue thereof, such verdict may be received and recorded by the court, and thereupon the person charged shall be adjudged guilty of the offense, if any, which shall appear to the court to be substantially charged by the residue of such indictment or information, and shall be sentenced and punished accordingly."

In *State v. Mueller*, 85 Wis. 203, 55 N. W. 165, this court sustained a verdict of "guilty of an assault with the intent to commit the crime of rape" upon an information simply charg-

ing the crime of rape, for the reason that "the proof neces-sary to establish the greater crime establishes every element of the lesser," and that the lesser offense "was necessarily in-cluded within the crime charged in the information." In *Porath v. State,* 90 Wis. 527, 63 N. W. 1061, the court, re-ferring to sec. 4695, Stats. 1898, says:

"This provision applies to the case of a single count in which the lesser offense is included in, or may constitute a part of, the greater one, of which the defendant has been ac-quitted."

The opinions expressed in *State v. Yanta* and *Kilkelly v. State, supra,* are clearly in conflict with those announced in the two cases last mentioned. The *Mueller* and *Porath Cases* rest upon the ground that the sufficiency of an information or indictment in cases where offenses are included one within the other should be determined with reference to the crime charged, on the principle that the greater charge includes the lesser. This follows because the offense springs from the same transaction, and the proof necessary to establish the greater offense establishes every element of the lesser. In *Keefe v. People,* 40 N. Y. 355, the court, in construing a stat-ute of like import, says:

"The true construction of the statute is that, when the act for which the accused is indicted is the same act for which he is convicted, the conviction of the lower degree is proper, al-though the indictment contains averments constituting the of-fense of the highest degree of the *species of crime, and omits to state the particular offense* and circumstances characteriz-ing a lower degree of the same crime."

This rule is followed in the decisions of many states as a well-established principle in the modern law of criminal pro-cedure. *People v. Prague,* 72 Mich. 178, 40 N. W. 243; *State v. White,* 45 Iowa, 325; *State v. Schele,* 52 Iowa, 608, 3 N. W. 632; *State v. Collyer,* 17 Nev. 275, 30 Pac. 891; *State v. Johnson,* 3 N. D. 150, 54 N. W. 547; *Beckwith v. People,* 26 Ill. 500.

The information in the present case charges that the plaint-
iff in error, being armed with a dangerous weapon, did make
an assault upon another with intent to murder.   The verdict
declares him guilty of an assault with intent to do great bodily
harm.   All the elements of the offense charged are found, ex-
cept the particular intent to murder, but that the accused
had a different intent, namely, the intent to do great bodily
harm.  ,It seems that an assault with intent to murder must,
from the very nature of the acts constituting the offense, em-
brace an intent to do great bodily harm.   It therefore follows
that the offense of which plaintiff in error was convicted is
necessarily included in the offense charged in the informa-
tion, and we are of opinion that the information, as presented,
sustains the conviction of an assault with intent to do great
bodily harm.   This conclusion overrules the case of *State v.
Yanta, supra,* and modifies the case of *Kilkelly v. State,
supra,* in so far as it was made the basis of the decision in the
*Yanta Case.*

*By the Court.*—Judgment affirmed.