LAEV, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 14, 1912—January 7, 1913.*

*Criminal law and practice: Lesser offense included in greater: In-
formation: Amendment: Continuance: New trial: False pre-
tenses: False statements to obtain credit: Evidence: Contents
of books destroyed: Admissions.*

1. Where a lesser offense is included within a greater, a person in-
formed against for the greater offense may be convicted of the
lesser one if the information in form charges the lesser of-
fense as well.
2. Thus, where an information under sec. 4423, Stats., charging de-
fendant with obtaining money from a bank by false pretenses
and with intent to defraud, stated that the money was obtained
by means of a false statement in writing of the assets and lia-
bilities of a corporation of which defendant was secretary, made
for the purpose of procuring credit, there might properly be a
conviction of the offense specified in sec. 4438*h.*
3. It being impossible to commit an offense under sec. 4423 in the
manner specified in the information without also committing one
under sec. 4438*h,* and the offenses having sprung from the same
transaction and being of the same nature, merely differing in
degree, it can make no difference in determining whether the
lesser offense was included in the greater that other classes of
offenses falling under sec. 4423 might be perpetrated without an
offense being committed under sec. 4438*h.*
4. There having been in such case no necessity to amend the infor-
mation in order to convict the defendant under sec. 4438*h,* the
fact that an amendment was allowed at the close of the trial so
as to charge an offense under that section was not material or
prejudicial.
5. The defendant having been fully apprised by the information of
the nature of the facts which the state expected to prove, a con-
tinuance on the ground of surprise, because of the amendment,
was properly denied.
6. So, also, there was no abuse of discretion in denying a motion for
a new trial on the ground of newly discovered evidence, where
the principal excuse offered for not producing at the first trial
all the evidence obtainable was that defendant did not prepare
to defend himself upon a charge under sec. 4438*h.* He was not
justified in assuming that, even if it should be shown that he
designedly made false statements as a basis for credit as speci-

fied in sec. 4438*h*, he would still be acquitted of the charge based on sec. 4423, because of a lack of intent to defraud, specified in that section.

7. Upon a prosecution for an offense under sec. 4438*h*, Stats., an accountant who had made an examination of the books of a corporation in respect to which the false statement was charged to have been made, was properly permitted to testify, from computations and excerpts made by him, as to what such books showed concerning the value of the assets of the corporation and its liabilities, even though the books had been destroyed,—such testimony being in the nature of proof of admissions by the defendant.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge.    *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was arrested on a complaint charging him with having obtained by means of false representations and false pretenses the sum of $5,500 of the money and property of the First National Bank of Milwaukee. A preliminary examination was had, at the close of which the examining magistrate found that an offense had been committed and that there was probable cause to believe the defendant guilty, and the defendant was bound over for trial before the municipal court of Milwaukee county. The district attorney filed an information in the municipal court setting forth in substance the same facts that were alleged in the complaint on which the warrant for the defendant's arrest was issued. The information set forth, among other things, that the defendant on the 1st day of May, 1908, being then and there the secretary of the Wisconsin Knitting Works, a corporation, did unlawfully, knowingly, designedly, and falsely pretend to August W. Bogk, then and there the assistant cashier of the First National Bank of Milwaukee, that said Wisconsin Knitting Works was the owner and holder of accounts receivable of the value of $2,084.39, and of finished merchandise of the value of $3,878.45, and of unfinished merchandise of the value of $1,846.56, and of machinery and fixtures of the value of

$5,670.83, and that the total liabilities of said corporation amounted to the sum of $882.15 and no more; that defendant asserted that said representations and statements fully and truly represented the correct and true financial condition of said Wisconsin Knitting Works on said date; that defendant further represented that, in the event of any change in the financial condition of said corporation, notice of such change would be given to said bank; that said Bogk, acting for said bank, and believing said false pretenses so made to be true, and relying thereon, and not having been informed of any change in the financial condition of said corporation, was induced by reason of said false pretenses to deliver and did deliver to said defendant as secretary of said corporation the sum of $5,500 in money, the property of said First National Bank of Milwaukee; that said *Laev* as secretary of said corporation did then and there obtain said moneys from said bank by means of false pretenses as aforesaid and with intent to defraud; that said representations were made in writing and signed in the name of the Wisconsin Knitting Works by the defendant in person as secretary thereof, and that a copy of such statement is annexed to the information and marked Exhibit A and made a part thereof, the same as though specifically set forth; that in truth and in fact the said Wisconsin Knitting Works, at the time said statement was made, was not the owner of accounts receivable in the amount of $2,084.39, but only in the amount of $1,261.29; that said corporation was not the owner of finished merchandise in the amount of $3,878.45, but only in the amount of $2,205.02; that said corporation was not the owner of unfinished merchandise in the sum of $1,846.56, but only in the sum of $918.60; that said corporation was not the owner of machinery and fixtures of the value of $5,670.83, but only of the value of $2,513.36; that the liabilities of said corporation were $10,960.08, instead of $882.15 as represented in said statement; that said defendant then and there well knew

the actual value of said property and the actual amount of the indebtedness of said corporation; and that by means of the false statements so made the defendant did unlawfully, knowingly, and designedly obtain from said bank the sum of money stated.

Exhibit A, attached to and made a part of the information, shows the value placed by the defendant on the accounts receivable, merchandise, unfinished merchandise, raw material, and machinery and fixtures of said corporation, and also contains a statement of the liabilities of the corporation, the figures in which correspond with those set forth in the information. The exhibit further recites that it is made for the purpose of procuring credit from time to time from the First National Bank on the negotiable paper of the corporation or otherwise. It further recites that it fully and truly sets forth the financial condition of the corporation on the 1st of May, 1908, "which you can consider as continuing to be full and accurate unless notice of change is given you. We agree to notify you promptly of any change that materially reduces our pecuniary responsibility."

After the jury was sworn and before any testimony was taken, the defendant's counsel objected to any testimony being received under sec. 4438*h*, being ch. 265, Laws of 1905, for the reason that the information was based on secs. 4422 and 4423, Stats. (1898). In reference to this objection the district attorney stated that the charge came under sec. 4438*h*. After the state rested a motion was made to discharge the defendant. This motion was denied and the district attorney was permitted to amend the information so as to charge an offense under sec. 4438*h*. The only question submitted to the jury was whether such an offense had been committed, and a verdict of guilty was returned on this charge. From a judgment entered on this verdict the defendant brings the case to this court for review on a writ of error.

For the plaintiff in error there were briefs by *McGee &*

*Jeger* and *Carpenter & Poss,* and oral argument by *C. A. A. McGee, L. M. Jeger,* and *Benjamin Poss.*

For the defendant in error there was a brief by the *Attorney General, Russell Jackson,* deputy attorney general, *Winfred C. Zabel,* district attorney, and *Andrew Gilbertson,* assistant district attorney, and oral argument by *Mr. Jackson, Mr. Zabel,* and *Mr. Gilbertson.*

BARNES, J. Sec. 4423, Stats., provides:

"Any person who shall designedly, by any false pretenses, . . . and with intent to defraud, obtain from any other person any money, goods, wares, merchandise, or other property, . . . shall be punished," etc.

Sec. 4438*h,* Stats. (Laws of 1905, ch. 265), provides:

"Any person who shall designedly make any false statements in writing in reference to his assets or liabilities, or both, or the assets or liabilities of any corporation of which he is an officer or employee, for the purpose of procuring credit in any form, or for the purpose of procuring any extension of credit already given, shall be punished," etc.

The maximum penalty for a violation of sec. 4423 is five years' imprisonment in the state prison, and for a violation of sec. 4438*h* it is three years in such prison.

The defendant was informed against under sec. 4423, and after the state rested its case it was permitted to amend the information so as to specifically charge an offense under sec. 4438*h.* The defendant urges that these two statutes deal with separate and distinct crimes not of the same nature, and that neither sec. 4703 nor any other statute permits an amendment of an information during the trial so as to charge the defendant with a different offense from that for which he was placed on trial. The state contends that the court had power to permit the amendment, and, further, that it was immaterial whether the amendment was made or not, because the jury might convict the defendant of an offense under sec. 4438*h* upon the information drawn under sec. 4423.

If this latter contention of the state is correct, it goes far toward disposing of three of the errors most strenuously relied on for a reversal.

The substance of the information is given in the statement of facts. It will be observed that it sets forth that the defendant designedly made false statements in writing with reference to the assets and liabilities of the corporation of which he was an officer, for the purpose of procuring credit from the First National Bank of Milwaukee, and that by means of such false representations he secured funds from the bank to the amount of $5,500. This information charges every fact necessary to state an offense under sec. 4438h. It informed the defendant that the state expected to prove an offense under sec. 4423 by showing, among other things, that false statements in writing as to assets and liabilities had been designedly made for the purpose of procuring credit, and that not only had credit been extended on the strength of such representations, but that the bank had actually parted with its money because of them. The defendant therefore was fully advised that the state expected to prove a state of facts which would show that an offense had been committed under sec. 4438h.

Is there any reason why the lesser offense is not included in the greater so that a conviction might be had under sec. 4438h although the information had not been amended?

In every prosecution under sec. 4423, where the state relies on false statements in writing of assets or liabilities made for the purpose of procuring credit, and where money is secured as a result of such pretenses, the facts showing the commission of an offense under sec. 4438h are necessarily shown in proving the offense charged. The greater offense cannot be pleaded or proven without pleading and proving the lesser.

"Where offenses are included one within another, a person indicted for a higher one may be convicted for one below,

provided the averment in the indictment, in form, charges the
lesser offense as well." *Kilkelly v. State,* 43 Wis. 604, 608;
*State v. Shear,* 51 Wis. 460, 462, 8 N. W. 287; *Birker v.
State,* 118 Wis. 108, 94 N. W. 643; *State v. Mueller,* 85
Wis. 203, 55 N. W. 165; *Porath v. State,* 90 Wis. 527, 63
N. W. 1061.

The offense here charged under sec. 4423 is not only of
the same nature as that charged in the amended information
made under sec. 4438*h,* but both offenses spring from the
same transaction. This is an important if not a controlling
factor in determining whether the lesser offense is included
in the greater. *Birker v. State, supra.*

Sec. 4695, Stats., provides:

"Whenever any person indicted or informed against for
felony shall on trial be acquitted by verdict of part of the
offenses charged in the indictment or information and con-
victed of the residue thereof, such verdict may be received
and recorded by the court, and thereupon the person charged
shall be adjudged guilty of the offense, if any, which shall
appear to the court to be substantially charged by the residue
of such indictment or information, and shall be sentenced
and punished accordingly."

This court, in *Birker v. State, supra,* adopted the same con-
struction for this statute that the New York court had given
a like statute of that state in *Keefe v. People,* 40 N. Y. 348,
355, in which it is said:

"The true construction of the statute is that, when the act
for which the accused is indicted is the same act for which
he is convicted, the conviction of the lower degree is proper,
although the indictment contains averments constituting the
offense of the highest degree of the species of crime, and omits
to state the particular offense and circumstances character-
izing a lower degree of the same crime."

It is true that a crime can be committed under sec. 4423
without committing one under sec. 4438*h* also, but it is utterly
impossible to commit a crime under sec. 4423 in the form

and manner in which it was committed in this case without also committing one under sec. 4438$h$. This being so, and the offenses having sprung from the same transaction and being of the same nature, merely differing in degree, it can make no difference, in determining whether the lesser offense was included in the greater, that other classes of offenses falling under sec. 4423 might be perpetrated without an offense being committed under sec. 4438$h$.

It follows that, inasmuch as there was no necessity for amending the information in order to secure a conviction under sec. 4438$h$, it was immaterial whether the amendment was made or not, and the defendant was not prejudiced thereby.

The defendant moved for a continuance of the case for four weeks, on the ground of surprise when the amendment to the information was allowed. The motion was denied. The defendant also moved the court for a new trial on the ground of newly discovered evidence. The affidavits used in support of the motion were to the effect that on another trial additional evidence could be adduced to show that defendant did not misrepresent the assets or liabilities of the corporation and that the state's witness, Wilson, based some of his testimony on erroneous assumptions and that he drew erroneous conclusions from the examination which he made of the books of the corporation.

In support of these two assignments of error it is urged that the defendant went to trial on an information charging an offense under sec. 4423 and did not fully prepare and was not called upon to so prepare in order to defend himself on a charge under sec. 4438$h$. In either case the state was obliged to plead and prove fraudulent representations as to assets or liabilities, so the issue upon which defendant says he did not fully prepare for trial was fairly tendered from the time he was arrested and brought before the examining magistrate. Failure on his part to prepare to meet the issue is

neither ground for a continuance nor for a new trial. Other-
wise it might become very advantageous to fail to fully pre-
pare a defense on some issue in most criminal trials, because
it would enable defendants who were convicted by the first
jury to experiment with a second one. The specific reason
given for the failure to prepare on the issue in question is
that defendant had other valid defenses to a prosecution under
sec. 4423. The defenses were (1) that credit and not money
was obtained, and that under the decision in *Bates v. State,*
124 Wis. 612, 103 N. W. 251, no conviction could he had;
(2) that no intent to defraud existed; (3) that the bank did
not rely on the representations in question in making the
loan, but on a guaranty executed in behalf of the corpora-
tion; and (4) that no damage resulted from the alleged mis-
representations. These alleged defenses were, to say the
least, not so well established as to warrant the defendant in
failing to place before the jury the meritorious defense that
he made no false statements as to his assets or the amount of
his debts. The proof here showed beyond dispute that the
corporation not only obtained credit from the bank but that
it also received the bank's money. The *Bates Case* does not
hold that under such a state of facts a prosecution cannot be
maintained under sec. 4423. The second defense relied on
was shadowy. Under sec. 4423 a jury must be satisfied that
there was an intent to defraud before it can convict. Under
sec. 4438*h* the jury must be satisfied that the accused de-
signedly made false statements for the purpose of procuring
credit or an extension thereof. The difference between the
evidence which would be required to satisfy a jury that there
was an intent to defraud and that which would satisfy it that
an accused person designedly made false statements for the
purpose of obtaining credit is so unsubstantial that we can-
not think the defendant was justified in assuming that he
would be acquitted of obtaining money under false pretenses
because of lack of intent to defraud, although he might be

convicted of having designedly made false statements as a basis for credit.

The third argument advanced is that the bank in making the loans relied entirely on the guaranties of Rosa and Joseph Laev. The assistant cashier of the bank testified that it relied on both the statements and the guaranties, and his evidence is not disputed, directly at least. It may be that a jury would be warranted in drawing the inference from all the facts and circumstances that the bank did not rely on the statement when it made the loan. It is certain that the evidence is ample to warrant a jury in finding the other way on the question. The fourth reason assigned is without merit. It is undisputed that the bank has parted with its money and that it has not been repaid. It is hardly conceivable that a defendant would rely on these somewhat technical defenses and fail to prepare on one that would show that he had been guilty of no wrongdoing whatever. As a matter of fact, a very considerable part of the evidence offered by the defendant was directed to the issue which he says he was not prepared to meet. The principal excuse offered for not producing all the evidence obtainable on the issue was the amendment allowed to the information. For the reasons stated the excuse is not tenable. Aside from such excuse no such showing was made as would warrant this court in holding that the trial court abused its discretion in denying the motion for a new trial because of the newly discovered evidence.

Two other errors are argued at considerable length. It is insisted that the evidence of the witness Wilson was incompetent, and that in any event it, coupled with the other evidence in the case, was not sufficient to sustain a conviction. Wilson was an accountant who made an examination of the books of the corporation while they were before the court in bankruptcy proceedings. From computations and excerpts made from the books he was permitted to testify as to what they showed concerning the value of the assets listed in the state-

ment made to the bank and also as to what they showed in reference to liabilities. Before defendant was arrested the books had been burned. We think counsel misconceive the principle upon which the evidence was admissible. Had the defendant stated in the hearing of another that he had inflated his assets for the purpose of obtaining credit or money from the bank, the person in whose hearing the statement was made could testify to such statement, because it would be an admission made by the defendant tending to establish his guilt. Likewise, if the defendant made entries in the books of account kept by him, tending to show that he had misrepresented the value of his assets and the amount of his liabilities, any person who discovered such statements could testify to them, whether the books were available or not. The testimony given by Wilson was of this character. The fact that he made an abstract of the books, which he produced on the trial, added to the value of his testimony showing what the books disclosed. The witness testified from the memoranda made by him after a thorough examination of the books, and we fail to see what possible objection there could be to this kind of testimony. The evidence offered was sufficient to warrant a verdict of guilty.

Some other errors are assigned, but we do not regard them of sufficient importance to merit discussion.

*By the Court.*—Judgment affirmed.