Hart, J.
The question presented is: May a jury lawfully find a defendant, indicted under Section 12421, General Code, with “assault with intent to kill,” not guilty of that crime, but guilty of the crime of ‘ ‘ assault with intent to maim,” as defined by Section 12416, General Code, on the ground that the latter is a lesser included offense?
Section 12421, General Code, provides as follows:
“Whoever assaults another with intent to kill, or to commit robbery or rape upon the person so assaulted, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years.”
Upon the trial, the court charged the jury under the above statute on “assault with intent to kill,” and then proceeded to charge as follows:
“The crime as charged in this indictment includes certain lesser offenses, one of which is the crime defined in Section 12416, General Code, and known as the crime of ‘maiming or disfiguring another.’ The portion of that section which is applicable to this case defines this crime as follows:
*366 “ ‘Whoever, with malicious intent to maim or disfigure, cuts, bites or slits the nose, ear or lip * * * or assaults another with a dangerous instrument * * *’ is guilty of a felony.
“In event you find this defendant not guilty of ‘assault with intent to kill’ as heretofore defined, you will consider whether or not he is guilty of the crime of ,‘maiming or disfiguring another’ as now defined to you. Upon such consideration, should you find from the evidence in this case by that degree of proof heretofore defined, that this defendant Maurice P. Kuchmak did assault Andy Suhar with malicious intent to cut, bite or slit his nose, ear or lip, or did assault him with a dangerous instrument you should find him guilty of the crime of maiming or disfiguring. * * * ”
In this connection it should be noted that there is statutory authority for the conviction of a defendant of an offense which is in fact a lesser included offense within the offense for which he was indicted.
Section 13448-2, General Code, provides as follows:
“* * * When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.” (Italics supplied.)
The important and difficult question in the instant case is whether the offense of “assault with intent to maim” is a “lesser included offense” within the offense of “assault with intent to kill.” The test for the determination of this problem is that, if all the elements of a separate offense are present with others in an offense charged in an indictment, such separate offense is a lesser included offense; or, where all the elements of an offense are included among the elements of a charged offense, the former is a lesser included offense. But to warrant a conviction of such *367 lesser included offense, another limitation must be taken into consideration. A court may not charge upon, and a defendant may not be found guilty of, a lesser offense, unless the evidence tends to support each of the necessary elements of such offense. Bandy v. State, 102 Ohio St., 384, 131 N. E., 499, 21 A. L. R., 594.
Typical examples of lesser included offenses are to be found within the offense of murder in the first degree, i. e., manslaughter, assault and battery, and assault. All the elements of each are included in the elements of murder in the first degree. Under the statute, murder in the second degree is also included within murder in the first degree, as an offense “including different degrees.”
As illustrative of this doctrine, in the case of Heller v. State, 23 Ohio St., 582, this court held that “a person indicted under Section 24 of the crimes act (S. & S. 265), for maliciously shooting another person with intent to kill, may be convicted under such indictment of the offense of assault and battery.” In its per curiam opinion the court said:
“The description of the crime, as declared in said section, namely, ‘that if any person shall maliciously shoot, stab, or shoot at, any other person with intent to kill, wound, or maim such person, etc.,’ contains all the elements of an aggravated assault; and an indictment charging the crime of maliciously shooting with intent to kill, necessarily includes all the elements of the offense of assault and battery.”
In the case of Snyder v. State, 92 Ohio St., 367, 110 N. E., 644, the charge in the indictment was that the defendant did “unlawfully and knowingly carnally know and abuse one R P., with her consent, she * * * then and there being a female person under the age of sixteen years * * *.” The court charged the jury that the indictment included the offense of assault. *368 The jury found the defendant guilty of assault. The defendant filed a motion for his discharge on the ground that the crime of assault was not contained within the indictment. The court overruled the motion, holding that assault was included within an indictment for rape with consent. The judgment of the trial court was affirmed by the Court of Appeals and, in turn, by this court.
However, the doctrine of “inferior degrees” or “included offenses,” whereby a defendant may be found not guilty of the offense charged but guilty of a lesser included offense, relates only to offenses of the same general character and not to distinct and independent offenses of different classes. State v. Whitten, 82 Ohio St., 174, 92 N. E., 79. Thus, it has been held that, although, under an indictment charging an injury to the person of another with intent to disfigure or maim, a defendant may be convicted of an assault and battery, the offense charged being simply an aggravated assault and battery, a conviction may not be had for biting the ear of another with intent to disfigure as an offense of an inferior degree under an indictment charging biting with intent to maim, both offenses being of the same degree. State v. Johnson, 58 Ohio St., 417, 51 N. E., 40, 65 Am. St. Rep., 769. This distinction is carried over from a common-law conception that whatever the injury to any member of the body might be, if it did not permanently affect the physical ability of a person to defend himself or annoy his adversary, it did not amount to “mayhem,” modernly termed “maim.” Neither the biting of an ear nor the slitting of the nose was deemed an injury of this character.
In Barber v. State, 39 Ohio St., 660, the defendant was indicted for maliciously cutting with intent to kill. This indictment was based on Section 6820, Revised Statutes, which provided‘that “whoever maliciously *369 shoots, stabs, cuts or shoots at, another person, with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary not more than twenty nor less than one year.” The verdict was guilty of maliciously “cutting with intent to wound.” It will be noted that the same statute made both “cutting with intent to kill ’ ’ and ‘ ‘ cutting with intent to wound ’ ’ offenses. In construing Section 7316, Revised Statutes, providing that “when the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of an inferior degree,” the court said:
“An assault and battery is a degree inferior to the principal offense charged in the indictment, and hence, the defendant might be found guilty of an assault and battery under this indictment. Heller v. State, 23 Ohio St., 582. But he could not, upon this indictment, be properly found guilty of maliciously cutting with intent to wound. That is not an ‘inferior degree’ to that charged in the indictment, within the meaning of the statute, but is of the same degree, and may be punished with equal severity. Cutting with the specific intent of wounding not being charged in this indictment, there can be no conviction under it of that offense.” For similar examples, see State v. Labus, 102 Ohio St., 26, 130 N. E., 161; and Bandy v. State, supra.
A question almost identical with the one at bar was decided in the case of Kilkelly v. State, 43 Wis., 604, in which it was held that “a charge of assault with intent to murder will not warrant a conviction of an assault with intent to maim or disfigure — the latter intent not being included in the former.” To paraphrase in harmony with the Ohio statutes, a charge of an assault “with intent to kill” will not warrant a conviction of an assault “with intent to maim,” the latter intent not being included in the former.
*370 Counsel for the state claim that the Kilkelly case was modified by the holding of the Supreme Court in the case of Birker v. State, 118 Wis., 108, 94 N. W., 643, wherein the court held that an indictment for assault with intent to murder included a charge of assault with intent to do great bodily harm, in other words to commit an aggravated assault and battery. However, in the included offense, there was no specific charge of an intent to commit such a specific offense as assault with intent to maim, and the court did not criticise or overrule the Kilkelly case.
Generally, a lesser included offense carries a lesser penalty than the greater offense within which the former is contained. The degree of the penalty attached to each affords some indication as to which of two offenses, in the view of the General Assembly, is the greater and which is the lesser. The penalty for assault with intent to kill is imprisonment in the penitentiary for not less than one year nor more than fifteen years, whereas the penalty for assault with a dangerous instrument with malicious intent to maim or disfigure carries a penalty of not less than three nor more than thirty years. This fact strongly indicates that the latter is the greater offense and could not well be regarded as a lesser offense within the offense of assault with intent to kill.
A person indicted for a superior offense may be convicted thereunder of a lesser offense, only where the indictment in form also charges the lesser offense. Thus, one charged with murder may be convicted of manslaughter even though there is no evidence of premeditation or malice aforethought to support the charge of murder, because there remains a sufficient charge in the indictment of the elements of manslaughter. In the instant case, if there is taken out of the indictment the allegation of an intent to kill, because of lack of evidence to support the same, there *371 is left a sufficient charge of assault, but not a charge of intent to maim which, as an offense, is an assault of a specific character.
The court properly charged on assault with intent to kill, with which offense the defendant was indicted, hut erred in charging on the offense of assault with intent to maim, with result that the jury erroneously found the defendant guilty of that offense. But for the error in the charge, the jury could have properly found the defendant guilty of assault and battery, a lesser included offense within the offense for which the defendant was indicted. As a result of the verdict, the jury gave no consideration to the offense of assault and battery and the case should be retried on that issue.
The judgment of the Court of Appeals is affirmed as to the reversal of the judgment of the Common Pleas Court, and is reversed as to the discharge of the defendant, and the cause is remanded to the Common Pleas Court for further proceedings consistent with this opinion.

Judgment accordingly.

Matthias, Zimmerman and Stewart, JJ., concur.
Tart, J., concurs in paragraphs one, two and four of the syllabus, in the opinion, and in the judgment.
Weygandt, C. J., and Middleton, J., dissent.