# THE STATE OF WISCONSIN,

*vs.*

## CHARLES H. DUDLEY.

On the trial of an indictment for adultery alleged to have been committed by D., with one W., the lawful wife of W., the husband who had been divorced subsequently to the alleged offence, is a competent witness to prove his marriage with the divorced wife.

After a divorce *a vinoulo*, the husband is a competent witness to prove the marriage with his divorced wife, on an indictment of another person, for adultery alleged to have been committed during coverture with such divorced wife.

The defendant was indicted for adultery with Adaline Winders, and the proof showed that the crime, if any, was committed with Mary Adaline Winders. Held that the variance was fatal.

Upon an indictment for adultery with Adaline Winders, it is not competent to prove the offence committed with Mary Adaline Winders, on account of the variance between the indictment and the proof offered.

This case came up from Rock county on the report of the circuit judge, for the advice and opinion of this court upon certain questions of law which arose on the trial. The defendant was indicted for adultery with Adaline Winders, the wife of John W. Winders. The report of the judge is as follows:

*To the Hon. Supreme Court of the State of Wisconsin:*

"That upon said trial John W. Winders was produced and sworn as a witness on behalf of the State. The counsel for the state then introduced and read in evidence the proceedings in a cause of record in this court, in which the said John W. Winders is complainant, and Mary Adaline Winders is defendant, up to and including a decree of divorce from the bonds of matrimony made and entered therein on the second day of June then instant. The counsel for the state then

offered to prove by the witness that at the time of the commission of the offence charged in the indictment, Adaline Winders was a married woman, and the wife of witness ; also her marriage to witness. To which evidence the defendant objected, which objection was overruled by the court; and the witness testified that he was married to Adaline Winders in August, 1839, at Meredith, in the state of New Hampshire, by the Rev. Mr. Taylor, a Congregational clergyman, and that her name before marriage was Mary Adaline Kenniston. He also testified that he was the party complainant in the aforesaid suit for a divorce, and that the Adaline Winders mentioned in the indictment was the defendant.

" Other evidence was introduced to prove the act of adultery as alleged in the indictment.

" The counsel for the defendant asked the court to charge the jury, ' that if they believed from the evidence that the name of the woman was Mary Adaline Winders, there was a fatal variance between the charge contained in the indictment and the proof,' which charge the court refused to give, but in lieu thereof the court charged the jury ' that if they believed from the evidence that the defendant committed adultery with Mary Adaline Winders, such evidence would support the charge in the indictment of adultery with Adaline Winders, and was no variance,

" The jury found the defendant ' guilty.'

" The questions of law arising on the trial of said cause, intended to be certified to the supreme court, are as follows, to wit :

" 1. Was the witness, John W. Winders, the divorced husband, competent to prove his marriage with his divorced wife, Mary Adaline Winders ?

" 2. Did the proof of adultery with Mary Adaline Winders support the charge in the indictment of adultery with Adaline Winders?

" At the request, and with the consent of the defendant, I hereby certify to the Hon. supreme court the foregoing questions of law, arising upon the trial of this cause, according to the form of the statute in such case made and provided, the said defendant having recognized with sufficient sureties for his appearance in said supreme court.

" Given under my hand, &c."

*G. Bouck,* Attorney General for the State, cited, as to the competency of Winders, *Ratcliffe vs. Wales,* 1 Hill 63 ; 4 Barr. 364 ; 1 Carr. & P. 364 ; *Coffin vs. Jones,* 13 Pick. 441 ; *Gaskill vs. King,* 12 Iredell 211 ; *Hester vs. Hester,* 4 Dev. 228 ; *Rex vs. Butherwick,* 2 Barn & Adol. 639.   The rule of excluding the wife's testimony only extends to matters which she knew in confidence of the marriage relation. · *Aveson vs. Kinnaird,* 6 East. 192.   In *O' Connor vs. Mayorbanks,* 4 Mann. & Gran. 435, the rule is reviewed, and the rule as laid down by Alvanley in the case of *Monroe vs. Twesleton,* Peak Add. Ca. 219, that upon the ground of public policy the communication between husband and wife during coverture are of a confidential character.   As to variance, *Arbourn vs. Willough-by,* 1 Marshall, 477 ; 4 Eng. Com. L. 348 ; Wheeler's Am. Com. L. 72 ; *State vs. Gardner,* 1 Wright, Rep. 392.

*D. Noggle* for the defendant.

1. The witness, John Winders, the divorced husband, was not competent to prove his marriage with his divorced wife, for the purpose of establishing the defendants guilt in this case, of the crime of adultery, with the (claimed) wife of the witness.   A wife shall not be called in any case to give evidence even tending to criminate her husband, and *vice versa* ; a husband shall not be called in any case to give evidence even tending to criminate his wife.   *Stein vs. Bowman,* 13 Peters R. 221 ; *King vs. Inhab. of Cliviger,* 2 Dunf. & E. R., 133–8 ; *Aban & Ratcliffe vs. Pritchett,* 6 Dunf. & E.

The State of Wisconsin vs. Dudley.

R., 323; *Averson vs. Kennard*, 6 East. R. 192; 2 Russell on Crime, 605; 2 Starkie's Ev. 400–404; *State vs. Gardner*, 1 Root R. 485; *Snyder vs. Snyder*, 6 Binney R. 488; 1 Wharton's Digest, p. 700, § 1310; Roscoes Crim. Ev. 113; 1 Greenleaf, Ev. §§ 336, 339; 18 *Cook vs. Grange*, Ohio Rep., 526; 1 Wheeler's Cr. Cases, 479.

2. The proof of adultery with Mary Adaline Winders does not support the charge of adultery with Adaline Winders. *Com. vs. Brown*, 2 Gray Rep., 358; *Com. vs. Perkins*, 1 Pick. R., 388; 3 Greenleaf, Ev. § 22; 2 East. Pl. Cr., Jenks case, 514; 1 Moody, C. C. Duley's case, 333; Roscoe's Cr. Ev. 81, 82; *State vs. Porter*, 3 Day's Rep., 283; 1 Starkie's Ev. 374; *State vs. Perkins*, 6 Ohio, 274; *Moor vs. Com.* 6 Metcalf, R., 243.

*By the Court*, Cole, J.    This case was reported to this court by the circuit judge of Rock county, under § 8, Chap. 149, R. S., to take our decision upon the following questions of law which arose during the trial of the cause, to wit:

1. Was the witness, John W. Winders, the divorced husband competent to prove his marriage with his divorced wife, Mary Adaline Winders?

2. Did the proof of adultery with Mary Adaline Winders support the charge in the indictment, of adultery with Adaline Winders?

Upon the first point, we are of the opinion that it was competent to prove by John W. Winders his marriage with his divorced wife. The objection taken to the witness, by the counsel for the defendant, is, that at common law a husband or wife is not a competent witness for or against each other, either in a civil or criminal case.    As a general rule this is correct undoubtedly, and the doctrine is obviously grounded upon principles of sound public policy and moral-

ity. But yet it is apparent that this is not a prosecution against the divorced wife, and the witness does not refuse to be sworn. It is certainly true that if the defendant shall be convicted, the divorced wife may also be indicted under our statute; but still the testimony given by J. W. Winders upon this trial, would be inadmissible in support of an indictment against her. " And unless we go so far as to hold, that without regard to the form of proceeding, whether the wife is implicated in it or not, that the divorced husband is an incompetent witness as to any fact which may possibly have a tendency to criminate his wife, or which, connected with other facts, may perhaps go to form a link in a complicated chain of evidence against her," we cannot see how the testimony can be excluded. See the cases of *Rex vs. The Inhabitants of All-Saints*, 6 Maule & Selwyn 194; *The King vs. The Inhabitants of Bathwick*, 2 Barn & Adol. 639; *Stapleton vs. Craft*, 10 Eng. Law & Eq. R. 455, where this question as to the competency of the husband and wife to be witnesses for and against each other is most ably discussed, and where the rule as settled in previous cases is questioned, if not directly overthrown. We think that within the principle of those cases, it was competent to prove by Winders his marriage with his divorced wife, Mary Adaline Winders. In adopting this rule we are well aware that we come in conflict with quite a number of authorities. See the cases of *Rex vs. Clinger*, 2 T, R. 263; *State vs. Gardner*, 1 Root, 485; *State vs. Welch*, 26, Maine R. 30; *The People vs. Carpenter*, 9 Barb. S. C., 580. There is also a learned note to the case of *Rex vs. All-Saints*, in 2 *Bennett vs. Heard's*, L. C. C., 250, which has been freely consulted in the examination of this case, 1 Greenl. Ev. 342, *State vs. Vittum*, 9 N. H. R., 519.

Upon the question as to whether proof of adultery with Mary Adaline Winders, would support the charge in the indictment of adultery with Adaline Winders, we are of the

opinion that it would not. For the security of the accused, great precision and certainty are required in all criminal pleadings, and a material variance between the fact laid and the fact proved will be fatal. Archb. C. Pl., marginal paging 100; Roscoe's C. Ev. 82; *Pickens vs. The State of Ohio,* 6 Ohio R.; Hammond 274; *Commonwealth vs. Brown Jr.,* 2 Gray, 358; *Moore vs. Commonwealth,* 6 Met. R. 243.

Nor is the court authorized in saying that proof showing that the defendant had committed adultery with Mary Adaline Winders is proof of adultery with Adaline Winders. Suppose the defendant, on being convicted on this indictment of adultery with Adaline Winders, should be indicted for adultery with Mary Adaline Winders, could he have pleaded in bar of the prosecution upon the latter indictment a conviction upon the former? It seems to us he could not. The court could not say that Mary Adaline Winders and Adaline Winders necessarily meant the same person. On account therefore of the variance between the averment in the indictment and the proof, we think proof of adultery with Mary Adaline Winders ought not to be received under this indictment.