THE STATE vs. HOOKS.

*April 16 — June 1, 1887.*

CRIMINAL LAW: *Evidence: Pleading and practice: Rape: Witness.*

1. On the trial of an information for a rape upon a married woman, the prosecuting witness is competent to testify as to the fact of her marriage; and her testimony that she was at the time of the alleged offense the wife of a person other than the defendant, with some corroborating evidence, is sufficient to support a finding to that effect.

2. It is unnecessary to allege in an information for rape whether the female on whom the offense was committed either was or was not married; and though it be alleged and proved that she was married, the defendant cannot under it be convicted of the crime of adultery.

CERTIFIED from the Circuit Court for *Grant* County.

The case and exceptions are sufficiently stated in the opinion.

*The Attorney General*, for the state, argued, among other things, that the information in this case contained all the averments necessary in one for adultery, and that the words "with force and against the will," and "ravish," were not inconsistent therewith, since it is sufficient to constitute that offense that it be voluntary on the part of the accused. *State v. Donovan*, 61 Iowa, 278; *State v. Sanders*, 30 id. 582; *Comm. v. Bakeman*, 131 Mass. 577; Bishop on Stat. Crimes (2d ed.), sec. 660.

For the defendant there was a brief by *Bushnell & Watkins*, and oral argument by *Mr. Bushnell*.

TAYLOR, J.    The defendant was informed against for rape. The following is a copy of the information:

"I, J. W. Murphy, district attorney for said county, hereby inform the court that on the 16th day of July, in the year A. D. 1886, at said county, *Frank Hooks* did then and there unlawfully and feloniously, *with force and against the will* of one Dorcas Cushman, a married female more than ten years of age, said Dorcas Cushman not being then and there the wife of said *Frank Hooks*, unlawfully *ravish* and carnally know her, the said Dorcas Cushman, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Wisconsin."

On the trial, the circuit judge being of the opinion that the evidence was not sufficient to justify the jury in finding the defendant guilty of the crime of rape, the jury, under the direction of the court, found the following verdict: "We, the jury, find that the defendant had carnal knowledge of the body of Dorcas Cushman, she being a married female, and not the wife of the defendant, as· charged in

the information, but without force, and not against her will." Upon this verdict the court suspended sentence, and certified to this court two questions: *First.* "Was the evidence sufficient to warrant the jury in finding that Dorcas Cushman, at the time of the alleged offense, was a married woman, and not the wife of the defendant?" *Second.* "Can the court sentence the defendant for the crime of adultery upon the information and verdict."

Upon the question of the marriage of Dorcas Cushman, Dorcas Cushman, as a witness for the state, without any objection on the part of the defendant, testified that she was the wife of Silas Cushman, and was married to him in the month of April, 1885. Other witnesses on the trial referred to Dorcas Cushman as being the wife of Silas Cushman at the time the offense was charged to have been committed. We think this evidence was sufficient to warrant the jury in finding that Dorcas Cushman was a married woman, and not the wife of the defendant. In the case of *Mills v. U. S.* 1 Pin. 73, it was held that persons present at the marriage were competent witnesses to prove a marriage in fact. In *State v. Dudley,* 7 Wis. 664, it was held that the husband was a competent witness to prove the marriage between himself and wife. See, also, *West v. State,* 1 Wis. 228, and the cases cited by the attorney general in his brief.

Under the decisions of this court, we are of the opinion that the defendant cannot be sentenced for the crime of adultery upon his trial upon an information for rape. It is very clear that the information for rape would have been sufficient without alleging that the female upon whom the offense was committed was a married woman. The statute defines the crime of rape in the following language: "Any person who shall ravish and carnally know any female of the age of ten years or more, by force and against her will, shall be punished in the state's prison not more than thirty years, nor less than ten years." Under this act, the fact

that the female is a married woman is wholly immaterial, and the words in the information alleging that she was a married woman are mere surplusage, and the defendant might have been convicted of the rape charged, if the evidence was sufficient, without proof of the fact of the marriage of the female upon whom the rape was committed.

In an information charging the defendant with rape, there is no necessity for alleging that the female upon whom the offense was committed was married, and consequently there is no necessity for proving that fact on the trial. An information for rape does not necessarily charge facts showing that the defendant had committed adultery. It would not be urged that the defendant could have been convicted of adultery had the information omitted to state that the female was a married woman, or that the defendant was a married man, and yet, in that case, the information would be good as an information for rape.

May the state, by alleging matters wholly immaterial to the description of the crime charged against the defendant, compel him to come to trial prepared to contest any issue which the state is not bound to prove in order to convict him of the offense charged? We think not. It is true the supreme court of Massachusetts seems to have held otherwise in the case of *Comm. v. Squires*, 97 Mass. 59–61. In that case the court say: "If the less offense is duly charged in the indictment, the case is within this provision, even if one of the elements alleged is not a necessary element of the greater offense. This is clearly shown by the decision of this court that a man charged with a rape on his daughter might be convicted of incest, although it was not necessary or material in charging him with rape to allege that she was his daughter; citing *Comm. v. Goodhue*, 2 Metc. 193." In looking at the case in 2 Metc. it appears that the court held, without comment, that the indictment for rape in that case contained all the allegations necessary

to show that the defendant committed incest, if not guilty of committing the rape as charged, upon his daughter; and it was impliedly, but not expressly, held that the allegations in the indictment, which were wholly immaterial in charging the crime of rape, might still be used for the purpose of charging the defendant with incest. No argument appears to have been made upon this point. With all proper respect for the opinion of the learned court which made the above decisions, we think the rule adopted by this court in *Kilkelly v. State*, 43 Wis. 604; *State v. Shear*, 51 Wis. 460; *State v. Erickson*, 45 Wis. 86, 92, is the better rule, and that a defendant charged with one crime cannot be convicted of another and different crime, unless the allegations necessary to constitute the greater crime charged in the indictment or information are also sufficient to constitute the lesser crime.

The rule which allows a conviction for another and different crime than the main crime charged in the indictment or information is a violation of the rule at common law which prohibited the charging of two different crimes in the same count in an indictment. The power to convict of any other crime than that which constitutes the main charge in the indictment is founded upon the statute, and the decisions above referred to in the supreme court of Massachusetts were based upon the statute of that state, which is in all respects like sec. 4695, R. S. 1878. This section reads as follows: "Whenever any person indicted or informed against for felony shall, on trial, be acquitted, by verdict, of a part of the offenses charged in the indictment or information, and convicted of the residue thereof, such verdict may be received and recorded by the court, and thereupon the person charged shall be adjudged guilty of the offense, if any, which shall appear to the court to be substantially charged by the. residue of such indictment or information, and shall be sentenced and punished accordingly." Under

The State vs. Hooks.

this law the Massachusetts court has held in *Comm. v. Murphy*, 2 Allen, 163, and 97 Mass. 59, *supra*, that, on the trial upon an indictment for rape, the defendant cannot be convicted either of adultery or fornication, unless there be allegations in the indictment which, if proved, and the state fails to prove the carnal intercourse was with force, and against the will of the female, would constitute the crime of adultery or fornication. The same court hold that, to constitute the crime of rape, it is wholly unnecessary to allege or prove the facts which are necessary to constitute the crime of adultery or fornication, and they also hold if, in the indictment for rape, immaterial allegations are inserted, which, if proved, would constitute either the crime of adultery, fornication, or incest, and on the trial the state fails to prove the crime of rape, and proves the illicit intercourse, the defendant may be convicted of either of the crimes of adultery, incest, or fornication, according as the material matters alleged in the indictment, and proved on the trial, constitute one or the other of said crimes. On the other hand this court has held, in the cases above cited, that the insertion of immaterial allegations in the information cannot be used to convict of a different offense than that charged in the indictment, and that neither adultery nor fornication is a part of the offense charged in an indictment for rape, within the meaning of the section above quoted. Substantially the same rule was adopted by the supreme court of Iowa. See *State v. Thomas*, 53 Iowa, 214.

*By the Court.*— The first question presented to the court by the learned circuit judge is answered in the affirmative, and the second question in the negative.