No. 20,294.

THE STATE OF KANSAS, *Appellee,* v. WILLIAM H. VAN SICKLE, *Appellant.*

### SYLLABUS BY THE COURT.

1. RAPE—*Instruction Refused—Not Error.* In a prosecution for rape, before it becomes necessary for the court to instruct the jury that if the woman charged to have been ravished is the wife of the defendant he can not be convicted, there must be evidence tending to prove that the parties were husband and wife.

2. SAME—*Evidence—Prima Facie Case.* In a prosecution for rape, to make out a *prima facie* case, it is not necessary for the state to prove that the accused and the woman were not husband and wife.

Appeal from Shawnee district court; division No. 1; ALSTON W. DANA, judge. Opinion filed February 12, 1916. Affirmed.

The State v. Van Sickle.

*W. S. Kretsinger*, and *W. N. Smelser*, both of Emporia, for the appellant.

*S. M. Brewster*, attorney-general, *W. E. Atchison*, county attorney, and *Lon C. McCarty*, of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment of conviction of rape by having carnal knowledge of Alma Stevenson, a female under the age of eighteen years. No defense other than not guilty was set up by the defendant. During the argument of counsel for the defendant he requested and the court refused to give this instruction:

"You are instructed that some evidence has been introduced in this case tending to show that the defendant and prosecuting witness are married, and are husband and wife, and the state has also introduced evidence to show that the defendant and prosecuting witness lived and cohabited together as man and wife. In this regard I instruct you that a man can not commit rape upon his own wife. The mere cohabitation of two persons of different sexes, and their behavior in other respects as husband and wife, always furnishes an inference of greater or less strength that a marriage has been solemnized between them. The conduct being susceptible of two opposite explanations, you are bound to assume it to be moral rather than immoral. The burden of proof is upon the state to establish to you, beyond a reasonable doubt, that the sexual relations existing between the defendant and prosecuting witness, if you find they did exist, were unlawful and illicit, and that the defendant was not the husband of said prosecuting witness, and if the state fails to prove this to you beyond a reasonable doubt you must acquit the defendant."

The defendant did not, during the introduction of evidence, contend that he and Alma Stevenson were husband and wife. The evidence fairly tended to show that they were not. To us it does not appear that there was any evidence that tended to show that they were.

The defendant's argument is that the burden was on the state to prove that Alma Stevenson was not his wife, and that for that reason it was the duty of the court to instruct the jury concerning this matter.

We disagree with the defendant in his statement that there was evidence tending to show that Alma Stevenson was the wife of the defendant. We are unable to find such evidence in the abstracts before us. There is not even a contention that

they were husband and wife. This being true, it was not incumbent on the court to instruct concerning the lack of marriage relation between the defendant and Alma Stevenson. Marriage of the defendant and Alma Stevenson was a matter of defense which must have appeared in the evidence in some way before the state was compelled to prove that the relation did not exist. In an information charging rape it is not necessary to state that the person ravished was not the wife of the defendant. (*The State v. White,* 44 Kan. 514, 25 Pac. 33; 33 Cyc. 1440; Note, 16 Ann. Cas. 902.) It follows that the prosecution to make out a *prima facie* case is not required to prove that the accused and the woman were not husband and wife. (*The State v. Hooks,* 69 Wis. 182, 33 N. W. 57, 2 Am. St. Rep. 728, 730; Note, Ann. Cas. 1912 B, 114.)

There are many matters of defense in criminal prosecutions that the state need not anticipate, and until they appear in evidence in some way it is not incumbent on the state to disprove them. Insanity and self-defense are good illustrations of this rule.

The judgment is affirmed.