STATE OF WISCONSIN, Plaintiff in error, vs. B——, Defendant in error.

*January 15—April 5, 1921.*

*Criminal law: When jeopardy attaches: Waiver by plea: Withdrawal of count from jury: Implied acquittal: Waiver of jeopardy by reversal on review by accused: Review by state: Extent of waiver: Affirmance on defendant's writ: Information charging rape: Adultery as a lesser offense.*

1. When a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned and has pleaded, and a jury has been impaneled and sworn, the general rule is that jeopardy has attached.
2. Under sec. 4645a, Stats. (providing that special pleas in bar may be entertained in the discretion of the court on the application of a defendant after the jury is impaneled, but that the application shall constitute a waiver of any jeopardy that has attached), a defendant, who after a jury was impaneled renewed a plea in bar, and after the court had required the state to answer or demur to the plea and overruled defendant's demand that the case be tried by the court introduced evidence in support of the plea and a verdict was returned sustaining it, waived any jeopardy that had theretofore attached.
3. Under sec. 4724a, authorizing the state to bring a writ of error from any order or judgment sustaining a special plea in bar

State v. B——, 173 Wis. 608.

made or rendered before jeopardy attached, the state may bring a writ of error though jeopardy had attached, where it was waived by defendant under sec. 4645a, as sec. 4645a (Laws 1911, ch. 187) and sec. 4724a, Stats., as amended by said ch. 187, relate to the same subject matter and should be read and construed together.

4. Where defendant was charged with rape and adultery and the court instructed the jury that he could not be found guilty of both offenses, in effect withdrawing the charge of adultery if he was found guilty of rape, he was in jeopardy as to the charge of adultery and could not be again tried therefor unless he had waived such jeopardy.

5. By applying for a new trial and by suing out a writ of error pursuant to which the judgment was reversed, defendant waived any jeopardy which might theretofore have attached as to the crime of which he was convicted and lesser included offenses.

6. When a defendant has been once tried and a judgment of acquittal or conviction has been rendered, he has an absolute constitutional right to stand on the judgment as a bar to further prosecution for the same offense; but when he seeks to obtain a new trial, the extent of his waiver of the jeopardy theretofore attaching is a matter for legislative regulation not within the protection of the constitutional guaranty.

7. Under sec. 21, art. I, Const., providing that writs of error shall issue in criminal cases as a matter of course, sec. 4719, Stats., authorizing new trials, and sec. 4724a, providing that where defendant prosecutes a writ of error the state may take a writ of error from the order or judgment of conviction upon a record containing rulings adverse to the state, where defendant brings a writ of error he waives the jeopardy which has theretofore attached so far as is necessary to give the state an effective review of other questions arising upon the same trial.

8. If on the review sought by the accused the trial court's determination is affirmed, there can be no further inquiry, as the judgment of conviction, under the doctrine of implied acquittal, prevents a retrial as to other offenses charged.

9. Under sec. 4724a, Stats., as amended by ch. 187, Laws 1911, where defendant was charged with adultery and rape and convicted of rape and sued out a writ of error on which the judgment was reversed, and the state sued out no writ of error, defendant did not waive the jeopardy as to the charge of adultery and could not be retried for that offense, adultery being a distinct offense and not a lesser offense included in that of rape.

VOL. 173—20

State v. B——, 173 Wis. 608.

ERROR to review a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

Former jeopardy. Defendant was tried in the circuit court for Dunn county upon an information containing three counts; one charging the defendant with having, on the 3d day of September, 1916, committed the crime of rape upon one Edna Mann; the second count charged him with having committed the crime of adultery with one Edna Mann. There was a third count for rape, which was abandoned upon the trial and will not be again referred to. All offenses charged were predicated upon the same circumstances and the same act. Upon the trial the jury returned a verdict finding the defendant guilty of rape, and under the instructions of the trial court the jury did not consider the charge of adultery. Judgment of conviction was entered upon the verdict. The defendant sued out a writ of error from this court, and, upon hearing, the judgment of the circuit court was reversed and a new trial ordered. In reversing the judgment of the trial court this court said:

"Applying these principles to the testimony in the present case, we are obliged to say, after a diligent examination of the evidence, that in our judgment the crime of rape is not proven on account of the grave doubt that remains as to whether the prosecutrix made that resistance which the law requires in view of all the surrounding circumstances. Justices SIEBECKER and ESCHWEILER are of opinion that the question whether intercourse was had at all is so gravely in doubt that the judgment should be reversed on that ground also, but the court does not so hold." *B—— v. State,* 166 Wis. 525, 166 N. W. 32."

The record was duly remitted to the circuit court for Dunn county. Thereafter the venue of the action was changed to Eau Claire county and the case came on for trial at Eau Claire on the 18th day of March, 1918. The defendant appeared in person and by counsel. When the case was called the district attorney announced that he wished to

have time to procure the presence of Mr. Baker, assistant attorney general. The court thereupon said that he thought it better to call a jury and not wait until the next day. Thereupon the jury was drawn. After the jury had been impaneled, but before it was sworn, counsel for the defendant announced that they wished to renew the plea in bar. The district attorney having stated that there was no substantial change in the evidence to be adduced in reference to the offense of rape charged in the first count in the indictment, the trial court announced that as to that count the plea of the defendant was sustained. As to the second count, relating to the charge of adultery, the court announced that the plea was overruled, the court reserving the right to consider it further if he should be further advised. The jury was then sworn to try the issues in the case and thereupon a recess was taken until 9 o'clock the next day. At the opening of court on the next morning the court announced that he had further examined the questions of law that were argued and had examined the record and that there was nothing in the record to indicate that the defendant had pleaded to the information. Finally it was made to appear that the defendant had pleaded to the information. The court then announced that in his opinion the proper practice had not been followed with reference to the plea in bar, and that in his opinion the state should either demur to or answer the plea in bar, and that any issue of fact raised should be tried by the jury. After some colloquy between the court and counsel the state entered a general denial to the matter set forth in the plea in bar. The defendant by his counsel then objected to the sufficiency of the answer to raise an issue, and further that the answer of the state was not under oath. The court held the answer sufficient and announced that the sufficiency of the plea would be determined as a question of fact, there being no challenge by the state to the sufficiency in law of the plea in bar. The court then

announced that the ruling made upon the plea as to the first count, relating to rape, would stand and said:

"I presume that the proper practice or better practice is to first try that issue [the issue raised by the plea in bar] before taking up the question of the guilt or innocence of the defendant on that charge."

Counsel for the defendant then suggested that it should be tried before the court. The court ruled that it should be tried before the jury. The defendant then introduced evidence in support of the plea in bar to the second count, relating to the charge of adultery. After the evidence had been received there were arguments by counsel. The facts being undisputed, the trial court held that the defendant might have been convicted upon the first trial of both offenses, but not having been convicted of adultery upon the first trial he was, in effect, acquitted of that charge, and for reasons set out at length directed the jury to return a verdict sustaining the plea in bar upon the ground that the defendant had been once acquitted of the charge of adultery. Upon the verdict being received the defendant moved that he be discharged. The motion was granted, the defendant was discharged, and the state has sued out this writ of error to review the proceedings had.

For the plaintiff in error there were briefs by the *Attorney General* and *J. F. Baker* and *J. E. Messerschmidt,* assistant attorneys general, and oral argument by *Mr. Baker* and *Mr. Messerschmidt.*

For the defendant in error there were briefs by *Martin, Martin & Martin* of Green Bay, and oral argument by *P. H. Martin.*

The cause was originally argued on June 5, 1920. On October 22, 1920, a re-argument was ordered upon the following question:

"Does a motion by the defendant for a new trial upon a verdict finding the defendant guilty upon one count in an

State v. B——, 173 Wis. 608.

information waive any jeopardy as to other offenses included therein, or as to offenses charged in other counts growing out of the same acts or circumstances, where consideration of included offenses or offenses charged in other counts is withdrawn from the jury or not in fact passed upon by the jury?"

ROSENBERRY, J.  It is the contention of the defendant here that he cannot be further proceeded against because, first, he was upon the first trial acquitted of the charge of adultery; second, that upon the second trial the jury was sworn, and charged with his deliverance, and he was therefore placed in jeopardy and cannot again be placed in jeopardy for the same offense; and third, that the state is not entitled to sue out a writ of error to review the proceedings of the trial court because no statutory authority therefor exists.

We shall consider the second and third objections first, for if upon the second trial jeopardy attached the state has no right of appeal and the appeal should therefore be dismissed.  Sec. 4724a, Stats., provides:

"A writ of error may be taken by and on behalf of the state in criminal cases:

"(1) . . .

"(2) From an order or judgment sustaining a plea in abatement or a special plea in bar made or rendered. before jeopardy has attached.

"(3) From any final order or judgment, adverse to the state, made or rendered before jeopardy has attached."

Under either of these provisions, if jeopardy has attached there is on the part of the state no authority for taking an appeal.  The general rule is that when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned and has pleaded. and a jury has been impaneled and sworn, jeopardy has attached.  *Schultz v. State,* 135 Wis. 644, 114

N. W. 505, 116 N. W. 259, 571; *McDonald v. State,* 79 Wis. 651, 48 N. W. 863; *State v. Parish,* 43 Wis. 395.

"Sec. 4645a. Any objection to a prosecution or the sufficiency of an indictment or information that may be raised by motion to quash, demurrer, plea in abatement, or special plea in bar, shall be so raised before a jury is impaneled or testimony taken, and unless so raised, shall be deemed waived; . . . Provided that the court may, in its discretion, on the application of the defendant, entertain any such objection at a later stage of the trial, but in every such case the application shall constitute a waiver, by the defendant, of any jeopardy that has theretofore attached."

If it be admitted for the purposes of this case that when the jury was sworn the defendant was thereby placed in jeopardy, it must be held, under the provisions of this statute, that when the defendant thereafter proceeded to a trial of the issue raised by the answer to the plea in bar it constituted a waiver of such jeopardy and the case then stood for all purposes as if jeopardy had not attached. Apparently the proceedings were not conducted either on the part of the court or the parties with reference to the provisions of sec. 4645a. We think, however, that it appears that the defendant entered upon the trial of the issue raised by the answer to the plea in bar under such circumstances as amounted to a waiver, although there was no express appeal made for the exercise of the court's discretion. The filing of the plea, the answer thereto, the offer of evidence by the defendant upon the issue raised by the plea, its reception by the court, and the demand of the defendant for trial by the court, amounted to the making of an application which constituted waiver on his part of any jeopardy that had theretofore attached, if any had attached. The jeopardy referred to in sec. 4724a is a jeopardy which has not been waived by the defendant and one which would protect him under the constitution. Manifestly the section cannot refer to a jeopardy which had attached but which has been waived; otherwise the provision of sec. 4645a requiring the

defendant as a condition of having his motion to quash, demurrer, plea in abatement, or special plea in bar heard after jeopardy has attached and as a condition of such hearing to waive such jeopardy, would be ineffectual.

The requirement that the defendant waive such jeopardy as has attached as a condition precedent to the exercise by the court of its discretion was manifestly made for the purpose of reserving to the state its right to a writ of error under sec. 4724a. Secs. 4645a and 4724a were ch. 187 of the Laws of 1911, relate to the same subject matter, and should therefore be read and construed together. Upon this branch of the case we hold, first, that at the time of the rendition of the judgment discharging the defendant jeopardy upon the second trial had not attached within the meaning of sec. 4724a; second, the state was entitled, under the circumstances, to take out a writ of error, and that the cause is properly before us.

Was the defendant, upon the first trial, acquitted of the charge of adultery? Upon that trial the court, having described the offenses charged in the first and second counts, charged the jury as follows:

"Both of these charges are based upon the same circumstances. If the jury should find the defendant guilty of one, then of necessity you could not find him guilty of the other. In other words, you cannot find the defendant guilty of more than one of the charges that are included in the information. . . . It appears in this case without dispute that the defendant was on September 3, 1916, a married man, and that the said Edna Mann was and still is an unmarried woman. . . . In your deliberations after retiring to your jury room, you should first consider the question whether the defendant is guilty of rape. . ... . If, however, you do not all become convinced by the evidence, beyond all reasonable doubt, that the defendant is guilty of rape, then you should next consider the question whether the defendant is guilty of adultery as charged."

The jury found the defendant guilty of rape, and under the instruction of the court made no finding as to adultery.

It is the contention of the defendant that he was thereby, in effect, acquitted of the charge of adultery. In *State v. Hill,* 30 Wis. 416, it was held that a verdict which finds a defendant guilty on a part only of an indictment or information containing several counts and is silent as to the other counts, is equivalent to a verdict of not guilty as to such other counts and must be so regarded. See, also, *Hechter v. State,* 94 Md. 429, 50 Atl. 1041, 56 L. R. A. 457; *State v. Martin,* 30 Wis. 216. Whether or not such a result should follow where the court, in effect, withdraws from the consideration of the jury a count, we shall not attempt to determine in this case. In this case the court instructed the jury that in the event that they found the defendant guilty of rape they could not of necessity find the defendant guilty of adultery, and the instruction amounted to a direction to the jury that if they found the defendant guilty of rape they should not consider whether or not the defendant was guilty of the crime of adultery. Under these instructions, the jury having found the defendant guilty of rape, the question of whether or not he was guilty of adultery was, in practical effect, withdrawn. It has been held that where the consideration of distinct offenses has been withdrawn from the jury and such distinct offenses were not considered, jeopardy did attach. *Montgomery v. State,* 136 Wis. 119, 116 N. W. 876; *Hoffman v. State,* 97 Wis. 571, 73 N. W. 51; *Perkins v. State,* 78 Wis. 551, 47 N. W. 827. Whether or not the defendant was acquitted, he certainly was placed in jeopardy as to the offense charged in the second count, that is, adultery; and if the defendant has not waived such jeopardy he cannot again be tried for that offense. By applying for a retrial as to the charge of rape and by suing out a writ of error pursuant to which the judgment of the trial court was reversed, the defendant waived any jeopardy which might theretofore have attached as to the crime of rape and lesser included offenses. *State v. Martin,* 30 Wis. 216; *Birker v. State,* 118 Wis. 108, 94 N. W. 643. We will consider later

whether the crime of adultery is included within the crime
of rape.

Prior to the enactment of ch. 187 of the Laws of 1911,
this court had before it a case involving the question as to
the extent of the waiver of jeopardy by the defendant where
he moved for a new trial as to one count of an information,
the other count, which was for a separate offense, having
been withdrawn from the consideration of the jury by the
trial court, and this court held that the defendant had been in
jeopardy as to both counts and that his appeal from a con-
viction on the count proceeded upon did not waive jeopardy
as to the count which was withdrawn. *Schultz v. State,* 135
Wis. 644, 114 N. W. 505, 116 N. W. 259, 571. Unless the
law has been modified by the enactment of ch. 187, we feel
obliged to adhere to that decision. This brings us to
a consideration of the state of the law and the effect of
ch. 187.

Prior to the enactment of ch. 187, Laws 1911, the follow-
ing propositions state the law relating to jeopardy and
waiver of jeopardy:

First. Jeopardy attaches when a person has been placed
on trial on a valid indictment or information before a court
of competent jurisdiction, has been arraigned and has
pleaded, and a jury has been impaneled and sworn and
charged with his deliverance. Such jeopardy will sustain a
plea in bar for subsequent prosecution for the same offense
unless it has been waived.

Second. A motion for a new trial amounts to a waiver of
jeopardy as to the offense of which the accused was con-
victed and of all lesser included offenses, but does not waive
jeopardy as to cognate offenses charged in the indictment or
information of a higher degree than that of which the ac-
cused was convicted.

Third. A motion for a new trial as to one offense is
not a waiver of the jeopardy as to a distinct offense charged
in the same information or indictment, even though after

the trial had begun such offense was withdrawn from the consideration of the jury.

Fourth. Where after jeopardy has attached a defendant is discharged by reason of any defect in the information or indictment or upon a plea in bar or motion to quash, there is no waiver of jeopardy and the accused cannot be again prosecuted for the same offense.

The decision of this court in the case of *Schultz v. State, supra,* was filed January 8, 1908. A rehearing was granted and a final decision was filed May 8, 1908. In that case the attention of the court and prosecuting officers was drawn very sharply to the state of the law relating to waiver of jeopardy. See dissenting opinion and concurring opinion.

On June 5, 1908, the opinion in the case of *Montgomery v. State,* 136 Wis. 119, 116 N. W. 876, was filed. In the *Montgomery Case* it was held that, where the trial court had withdrawn from the jury the consideration of lesser degrees of the offense than murder in the first degree, the defendants were neither acquitted thereby nor were they placed in jeopardy as to the minor offenses. The concurring opinion of Mr. Justice Timlin calls attention to the inconsistency of the law as stated in the two opinions.

In *Oborn v. State,* 143 Wis. 249, 126 N. W. 737, the question of whether or not the accused was in jeopardy arose under circumstances which do not make it material to the present inquiry.

There was introduced into the legislature of 1911 a bill striking out sec. 4724a as it then stood, and creating sec. 4724a as it now stands, except in one particular. As originally introduced, sub. 6, sec. 1, of the bill was:

"From an order or judgment of acquittal, rendered after jeopardy has attached, where the trial court has decided a question of law adversely to the state and the writ is applied for by the attorney general or with his written approval. The supreme court shall decide all questions of law thus presented, but their decision shall not effect reversal or subject the defendant to further prosecution. Upon the

granting of the writ in such case, the attorney general shall forthwith give notice thereof to the judge of the court in which the trial was had, who thereupon shall appoint some competent attorney to prepare and argue the case against the state.   Such attorney shall be compensated, as provided in section 4713 of the Statutes, as amended, and shall receive in addition, his actual and necessary disbursements while attending the supreme court."

The present sub. (6) of sec. 4724a was numbered sub. (7) in the original bill.   Upon the hearing before the judiciary committee the original sub. (6) was stricken out and sub. (7) of the original bill was renumbered sub. (6), and with this change the bill became a law in the form in which it was introduced.   Sec. 4724a is as follows:

"A writ of error may be taken by and on behalf of the state in criminal cases:

"(1) From an order or judgment quashing, setting aside, or sustaining a demurrer to any indictment or information, or any count thereof.

"(2) From an order or judgment sustaining a plea in abatement or a special plea in bar made or rendered, before jeopardy has attached.

"(3) From any final order or judgment, adverse to the state, made or rendered before jeopardy has attached.

"(4) From an order granting a new trial.

"(5) From an order in arrest of judgment.

"(6) From an order or judgment of conviction upon a record containing rulings adverse to the state, in every case where the defendant prosecutes a writ of error.   In every such case the whole record shall be carried before the supreme court and the case treated and presented as in cases of cross-appeals in civil actions, and all questions of law thus presented shall be decided by the supreme court."

Sec. 4645a has already been set out at length.

On behalf of the state it is contended that by ch. 187, construed with other statutes, a defendant, by a motion for a new trial, waives jeopardy to the extent that this court may determine in order that justice may be done to both the state and to the defendant.

On behalf of the defendant it is contended that inasmuch as sec. 4719 provides that "the supreme court shall have the power to review the order refusing to grant a new trial and render such judgment thereon as it may deem proper," the only thing before this court for review is the order refusing to grant a new trial, and that the defendant cannot be held to have waived jeopardy concerning an order that has not been refused and is not before the court.

In order to determine the purpose and effect of the enactment of ch. 187 it is necessary to re-examine the law relating to new trials, whether allowed by the circuit court or awarded by this court upon a writ of error in criminal cases. From the earliest times our statutes have provided, in accordance with the constitutional provision (art. I, sec. 21), that writs of error to review the judgment in criminal cases shall issue as a matter of course. Sec. 34, ch. 139, R. S. 1858. By sec. 6, ch. 149, R. S. 1849, it was provided that the circuit court might, within the time there stated, on the petition or motion of the defendant, grant a new trial for any cause for which by law a new trial may be granted or when it shall appear to the court that justice has not been done, and on such terms and conditions as the court shall direct. This provision has been continued and is now a part of the Statutes of 1919, sec. 4719. By ch. 172, Laws 1897, it was provided that

"When an application for a new trial under this section shall have been heretofore refused, or shall be hereafter refused, a writ of error shall, on the application of the defendant, be issued from the supreme court to bring such matter before it; and upon such writ the supreme court shall have the power to review the order refusing to grant a new trial, and render such judgment thereon as it may deem proper; provided, such writ shall be applied for within two years from the date of such order."

From an early day it was held that the law did not allow a writ of error in behalf of the state in a criminal case, but at the same time it was suggested that it would be wise and

proper for the legislature to provide for bringing writs of error to review any judgment rendered in favor of a defendant upon an indictment upon questions of practice where there had been no trial and acquittal by the verdict of a jury. *State v. Kemp,* 17 Wis. 669. The suggestion, however, does not seem to have been acted upon.

The question as to how far waiver of jeopardy extended in cases where the defendant moved for a new trial first arose in *State v. Martin,* 30 Wis. 216 (1872), and in that case it was held that a motion for a new trial did not constitute a waiver of jeopardy as to the offenses charged in the information or indictment higher than that of which the accused had been convicted. *Lesslie v. State,* 18 Ohio St. 390, was cited in support of this proposition, although it holds the exact opposite. See, also, *State v. Behimer,* 20 Ohio St. 572. In the case of *State v. Martin* the jury found the defendant "not guilty of murder but guilty of manslaughter in the second degree." The trial court set this verdict aside, and upon the second trial the jury found the defendant guilty of murder in the first degree. The conviction was set aside on the ground that the defendant had been acquitted on the former trial. While the statute authorizing the circuit court to grant a new trial upon such terms and conditions as the court might direct had been in force many years, no reference was made to it or to the power of the circuit court to prescribe conditions in the order setting aside the verdict and granting a new trial. This court has consistently adhered to the position taken in the case of *State v. Martin.* The whole matter was under review in the case of *Schultz v. State,* 135 Wis. 644, 114 N. W. 505, 116 N. W. 259, 571. There are expressions found in the opinions of the court from time to time inconsistent with this rule. *Hoffman v. State,* 97 Wis. 571, 73 N. W. 51; *Montgomery v. State,* 136 Wis. 119, 116 N. W. 876.

Some states have a statute providing that the granting of

a new trial places the parties in the same position as if no trial had been had. In those states a defendant who procures a new trial waives jeopardy and may be tried for murder although upon his first trial he was convicted of manslaughter only. *State v. McCord,* 8 Kan. 232; *Veatch v. State,* 60 Ind. 291; *People v. Palmer,* 109 N. Y. 413, 17 N. E. 213; *Comm. v. Arnold,* 83 Ky. 1. Such also is the federal law. *Trono v. U. S.* 199 U. S. 521, 26 Sup. Ct. 121. The fact that the matter is a subject of valid legislative regulation shows that the extent of the defendant's waiver of jeopardy in cases where he moves for or procures a new trial is not a matter within the protection of the constitutional guaranty. When he has once been tried and a judgment has been rendered, whether of acquittal or conviction, he has an absolute right to stand upon that judgment as a bar to further prosecution for the same offense. That is his constitutional right. When, however, he seeks to have the conviction set aside and to have a new trial which could confessedly be had only by a waiver of the jeopardy which had attached in the first trial, the extent of the waiver is a matter for legislative or judicial determination.

In 1 Bishop, New Crim. Law, beginning with sec. 1042, it is vigorously argued that the whole doctrine of waiver of former jeopardy is a misconception for the reason that the constitutional guaranty is a restraint upon the courts and it forbids them to make a blunder which shall compel a defendant to ask a second trial. The argument does not take into account the fact that at the common law the defendant in a felony case was not entitled to a new trial. 16 Corp. Jur. p. 1117, § 2615, and cases cited; *Buessel v. U. S.* 258 Fed. 811, 815; *People v. Marble,* 38 Mich. 309. Once convicted, the only relief from an erroneous judgment was the granting of a stay, during which an application might be made for a pardon. *U. S. v. Gibert,* 2 Sumn. 19, at p. 39 (1834), opinion by Mr. Justice Story; *Ohms v. State,* 49 Wis. 415, 421, 5 N. W. 827. In this country the procedure for new

trials in criminal cases and the conditions under which trials shall be granted are purely statutory. *People v. Marble,* 38 Mich. 309; *People v. Schmidt,* 216 N. Y. 324, 110 N. E. 945 and cases cited. When this circumstance is taken into account and given its proper weight, the criticism of the courts by the learned author, in which he says that "a blind reception of mere judicial authority nearly banishes the purer reasonings of the law and true juridical wisdom," is not warranted. By an unbroken line of judicial authority in this country it is held without exception that a motion for a new trial is a waiver of the jeopardy by the defendant as to the offense of which he has been convicted. The only conflict of authority is as to the extent of the waiver. In the states of Nevada, Georgia, Utah, and Missouri, and under federal law, a motion for a new trial where a defendant has been convicted of a lower degree of manslaughter or murder is a waiver of jeopardy as to all higher degrees. *State v. Goddard,* 162 Mo. 198, 62 S. W. 697; *State v. Kessler,* 15 Utah, 142, 49 Pac. 293; *Brantley v. State,* 132 Ga. 573, 64 S. E. 676; *In re Somers,* 31 Nev. 531, 103 Pac. 1073; *Trono v. U. S.* 199 U. S. 521, 26 Sup. Ct. 121. In *Trono v. U. S.* the court said (at p. 533):

"In our opinion the better doctrine is that which does not limit the court or jury, upon a new trial, to a consideration of the question of guilt of the lower offense of which the accused was convicted on the first trial, but that the reversal of the judgment of conviction opens up the whole controversy and acts upon the original judgment as if it had never been. The accused by his own action has obtained a reversal of the whole judgment, and we see no reason why he should not, upon a new trial, be proceeded against as if no trial had previously taken place. We do not agree to the view that the accused has the right to limit his waiver as to jeopardy, when he appeals from a judgment against him. As the judgment stands before he appeals, it is a complete bar to any further prosecution for the offense set forth in the indictment, or of any lesser degree thereof. No power can wrest from him the right to so use that judgment, but

if he chooses to appeal from it and to ask for its reversal he thereby waives, if successful, his right to avail himself of the former acquittal of the greater offense, contained in the judgment which he has himself procured to be reversed. . . .

"When at his own request he has obtained a new trial he must take the burden with the benefit, and go back for a new trial of the whole case."

A review of the history and development of the principle that an accused should not be twice placed in jeopardy of life or limb for the same offense leads irresistibly to the conclusion that the evolution of the doctrine of waiver of the right was an inseparable incident to its application to the conditions which existed under our constitution and laws. Under the common law of England, in cases of conviction, there being no procedure by means of which the accused could obtain a new trial, the question of whether or not jeopardy in such cases was waived did not and could not arise. The statement found in Blackstone (book 4, p. 361), that where the jury have found the prisoner guilty contrary to the evidence the verdict has been set aside and a new trial granted by the court of King's Bench, applies only to misdemeanors. *U. S. v. Gibert,* 2 Sumn. 19, at p. 45.

In applying the doctrine of waiver of former jeopardy the courts of various jurisdictions have arrived at results widely at variance, and where the matter has been regulated by statute the statutory provisions are far from uniform. No doubt the most logical holding is that of the courts of the United States, which hold that a motion for a new trial is a waiver of all jeopardy under the indictment, both as to the offenses of which the accused was convicted and as to those of which he was by implication acquitted, and that the granting of a motion for a new trial places the entire matter where it stood at the beginning. Logically there is no more reason for holding that a prisoner waives jeopardy as to included offenses lower than that of which he is convicted than that he waives jeopardy as to the higher offense with

which he was charged in the information. The same reasoning applies to the one as to the other. The ground upon which the distinction is made is that he would not willingly waive the jeopardy as to the higher offense, but in waiving jeopardy as to the offense of which he was convicted he evinces a willingness to waive the jeopardy as to the lower offenses. The law having provided, contrary to the course of the common law, a method whereby the accused may secure a new trial, the conditions upon which such privilege shall be enjoyed by the accused should not rest with the accused but with the law. As has been many times pointed out (*Brantley v. State,* 132 Ga. 573, 64 S. E. 676), the doctrine of implied acquittal (*State v. Hill,* 30 Wis. 416) rests upon the proposition that the accused has been convicted of one offense and thereby impliedly acquitted of others. If the conviction be set aside, the facts out of which the implication arose no longer exist. When this is done at the instance of the accused, the whole matter stands as if there had been no trial. There is nothing to indicate that the legislature, by the enactment of ch. 187, intended to adopt this rule. Had it intended to do so it would no doubt have enacted a law similar to that of the state of New York, which provides that in cases where a new trial is granted upon the motion of the accused the matter shall stand for trial as if no trial had been had.

The doctrine of implied acquittal having been adopted in this state, we do not propose to overrule it. Under the decisions of this court the accused having the right to determine the extent of his waiver, we do not propose to overrule the settled law upon that proposition. The legislature, however, having provided that when the accused, seeking a new trial, brings a writ of error, the state shall have a right to a review as to other matters occurring upon the same trial, we think it follows as a necessary consequence that when the accused brings a writ of error he waives the jeopardy which

had theretofore attached in that trial so far as is necessary to give the state an effective review of other questions arising upon the same trial.

Under the provisions of ch. 187, therefore, we are of the opinion that all dilatory pleas and pleas in bar must be heard before jeopardy attaches, or if heard thereafter at the request of the accused or under circumstances that amount to a request, such jeopardy as has attached is waived and the hearing proceeds as if the questions were raised before jeopardy had attached.

When the accused sues out a writ of error the state has the right to sue out a writ of error, in which case the matter must be treated as stated, as cross-appeals. Under the present statute there will, of course, always remain this distinction: that if upon the review sought by the accused the determination of the trial court is affirmed, there can be no further inquiry into the matter, for the judgment of conviction would stand as a bar to a retrial of the issues, and under the doctrine of implied acquittal the conviction as to one count or offense being affirmed, it would operate to sustain, in effect, the acquittal as to other offenses charged in the indictment or information. Where, however, upon the review sought by the accused, the judgment of conviction is set aside, the whole record is thrown open in cases where the state has brought a writ of error, and if upon such review it appears that there was a misdirection of the jury or other prejudicial error with respect to other offenses charged than that of which the accused was convicted, the cause may be remanded for a trial as to such other offenses, and under such circumstances the accused would not be entitled to plead former jeopardy or former acquittal, it having been at his instance and request that the judgment of conviction was set aside. Any other conclusion would render the provision of the statute giving the state a right of review nugatory. Our conclusion that such was the legislative purpose is strengthened by reason of the fact that sub. 6, sec. 1,

as originally written, which was intended to give the state such a review, was stricken out. Where the accused prosecutes a writ of error and the state prosecutes no writ of error, the rights of the accused remain as they were before the statute was enacted. Upon such a proceeding the sole question before this court would be whether or not the accused was rightly convicted, and if, upon such a review, it appears that there was prejudicial error, he would subject himself to a new trial as to the offense of which he was convicted and of lesser included offenses only. What is here said applies to cases where the accused is charged with a higher offense than that of which he is convicted and to cases where the acquittal is by implication and where consideration of a distinct offense is withdrawn by the court from the consideration of the jury.

In this case the state took no writ to review the action of the trial court in withdrawing from the jury consideration of whether or not the defendant was guilty of the crime of adultery. The state not having availed itself of the right conferred upon it by sub. (6), sec. 4724a, the matter must be determined in accordance with the law as it stood prior to the enactment of that section, and in that case it is ruled by *Schultz v. State,* 135 Wis. 644, 114 N. W. 505, 116 N. W. 259, 571, unless adultery is a lesser offense included in the information for rape.

The question of whether the crime of adultery is a lesser offense included within the information for rape is ruled by *State v. Hooks,* 69 Wis. 182, 33 N. W. 57. See, also, *State v. Shear,* 51 Wis. 460, 8 N. W. 287; *Vogel v. State,* 138 Wis. 315, 326, 119 N. W. 190.

Adultery not being a lesser offense included under the charge of rape and the state having taken out no writ of error, the trial court correctly held that the defendant was in jeopardy upon the first trial as to the count in the information charging him with adultery and that the motion for a new trial and the subsequent prosecution of the writ of error

to review the proceedings which resulted in his conviction of the crime of rape did not constitute a waiver of jeopardy as to the charge of adultery.

The result arrived at in this case leaves the law of this jurisdiction in respect to the matter of waiver of jeopardy different from that in any other state.   This is due to the fact that in the early history of the state it was held that the right to limit the extent of the waiver rested with the defendant.   We think it better to depart from the established rules no farther than is necessary to give the state the right to an effective review under the provisions of sec. 4724a, even though a result is arrived at which might not be reached if we were at liberty to consider the matter as one of first impression.

*By the Court.*—Judgment affirmed.